No. 11889. Delivered October 24, 1928.
Rehearing denied January 16, 1929.

· The opinion states the case.

*Bledsoe & Crenshaw*, of Lubbock for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

This homicide took place prior to the taking effect of the Acts of the 40th Legislature changing the definition of murder. Upon the trial hereof and before announcement of ready, appellant in writing filed his application to be tried under the law as it is written after such change, basing his right to such election on Art. 13 P. C., which provides that when an offense is prescribed by one law and altered by

a subsequent statute whose provisions ameliorate the penalty fixed by the former law, the accused shall be tried under the provisions of the later law unless he elect to receive the penalty prescribed by the statute in force when the offense was committed. The trial court refused appellant's request and he was tried under the law as it was prior to said alteration. The court submitted murder, manslaughter and aggravated assault in his charge to the jury, and appellant was given five years for murder. To state the contention of appellant in other words,—he insists that the act of the 40th Legislature (Chap. 274) changed the minimum punishment for murder from five years, as it was formerly, to two years as it now stands, and that this was such an amelioration of the punishment for the offense as entitled him to be tried under the law as it is now written. Appellant admits that our opinion in Hernandez v. State, 6 S. W. (2d) 748 has passed on his contention adversely, but he urges that we did not comprehensively view the effect of said Art. 13 in disposing of said case; and that since we said in that case that the acts of the 40th Legislature relating to murder, in no way amended said Art. 13, the latter must be taken as effective and applicable in this case. We said in the Hernandez case, supra, that the effect and design of Chap. 8, Acts Special Session, 40th Legislature, was to take out of the operation of Art. 13, supra, prosecutions for murder when the offense was committed prior to the taking effect of Chap. 274, supra. We see no reason to doubt the correctness of our decision in the Hernandez case.

The State urges that Art. 16 P. C. has application. Said article provides that where an offense is defined by one law, and by a subsequent law the definition of the offense is changed, no such change shall have effect as to the offense already committed, but one accused of violating the first law shall be tried under that law. It seems clear that the language of Chap. 8, Acts of Special Session, 40th Legislature, supra, intends to give to the provisions of Art. 16, supra, which is a general law, the force and effect of a special statute and put beyond question the intent of the law-makers that the offense of murder committed prior to the taking effect of Chap. 274, supra, should be tried and punished in all things under the old law; and this whether prosecution had been instituted, or whether the case was pending either for murder or manslaughter. The language used in said Chap. 8 seems mandatory: "No offense committed prior * * * shall be affected," etc. We think the use of the word "may" later in said act did not have the effect of nullifying the mandatory prior

part of said act. With deference to appellant's able brief, we are not able to agree with his contention in this regard.

Other questions are presented in the brief and by bills of exception and each has been considered in the light of the argument of appellant, but we regard the charge of the court in this case as an admirable presentation of the law of murder, of self-defense and of the facts relating thereto as appear in this record. We can not agree that the facts so far establish that deceased assaulted appellant just prior to the homicide as to make it error for the court to submit to the jury as a fact issue whether adequate cause existed; nor do we believe that the court's charge as to the right of appellant to defend against apparent danger, too restrictive. The charge referred to other parts of the charge on self-defense and examining the latter part we note that same was broad and submitted the issue of self-defense as viewed from the standpoint of the appellant both as against real and apparent danger, as against an attack imminent and threatening, or one existing in the belief of appellant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains by motion and in oral argument that the evidence having raised the issue of statutory adequate cause, viz: an assault causing pain or bloodshed, that it was error for the court to leave it for the jury to determine whether the facts constituted adequate cause. We readily agree that if the court had done this it would have been error. The learned trial judge was of opinion that facts were in evidence independent of an assault causing pain or bloodshed and regardless of that issue, from which the jury might determine that adequate cause existed. Upon the subject he charged generally in the following language:

"(d) Insulting words or gestures, or an assault and battery so slight as to show no intention to inflict pain or injury are not deemed adequate causes, but an assault and battery causing pain or bloodshed is deemed adequate cause.

"(e) You are charged that any fact or facts or circumstances or condition which is capable of creating and does create sudden passion, such as anger, rage, sudden resentment or terror in a person of ordinary temper, rendering the mind incapable of cool reflection, would be adequate cause, and in the event several of such circumstances or conditions should be found by you to exist in this case,

though no one of them alone might be found by you to be sufficient to constitute adequate cause, if all taken together might be sufficient it is for you to say under all the evidence in the case, whether adequate cause existed and whether if it did exist, the mind of the defendant was thereby rendered incapable of cool reflection by the passion thereby engendered at the time of the killing."

It will be seen that in sub-division (d) the court told the jury positively that an assault causing pain or bloodshed was adequate cause. We do not place upon sub-division (e) the same construction as appellant. It seems clear therefrom that the court was advising the jury that it was their province to find whether "adequate cause" existed; that is, the jury was to find whether an assault causing pain or bloodshed had been made upon appellant, or whether there were other circumstances or conditions present which amounted to adequate cause. However, the court did not leave the subject with the general statement of the law as quoted but in applying the law he made it so plain that it was impossible for the jury to have misunderstood it. In paragraph 14 of the charge the jury was told if they found that appellant killed deceased, but "if you further believe, or have a reasonable doubt thereof, that the defendant Ben H. Collins, was then and there under the immediate influence of passion aroused by reason of an assault and battery causing him pain or bloodshed, having been committed on him by the said Frank M. Howard, or by any *other* adequate cause, as adequate cause has been hereinbefore defined to you," then appellant would be guilty of manslaughter only. We fail to see how in clearer language the court could have conveyed to the jury the law relative to the matter.

The motion for rehearing is overruled.

*Overruled.*