## Howard Daniels v. The State.

No. 12391.   Delivered March 20, 1929.
Rehearing denied May 1, 1929.

The opinion states the case.

*J. O. Duncan* of Sulphur Springs, for appellant,

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, ten years in the penitentiary.

The facts in this case seem sufficient to support the judgment. They show an unprovoked assault with a deadly weapon upon the injured party, who was the county attorney of his county. Appellant is shown to be a man who was frequently in trouble in the courts, and that he had indicated his belief that the county attorney was advising and instigating some action taken by the officers against him, appellant. On the occasion in question the county attorney and a friend were in a drug store, at the fountain. Appellant drove up on the outside, was observed to have a knife, open it and drop it opened in his pocket, then go into the drug store. He passed the county attorney and his friend as he went to the back part of the store and presently came back by and as he did so he threw one arm around the county attorney's neck and stabbed him in the breast just above the heart with a keen pointed knife having a blade approximately three inches in length. The fact that the blade of the knife struck a rib probably saved the life of the officer.

There can be no possible objection to a statement made by appellant immediately following the assault and while still present at the scene thereof in which appellant told the injured party that he would see him in his grave before tomorrow. Such exclamations certainly reflect the character of the assault and the malice of the accused. Such statements would be admissible whether they were res gestae or not. Nor can there be ground for objecting to testimony of the fact that the injured party was carried to the hospital and the result of the examination of his injury, even though transpiring out of the presence of the accused. Nor is there any doubt of the proposition that the physician, who had testified as to the distance from the skin of a man's body into his heart, and to the length of the blade of a weapon shown him,—could testify that such weapon in the hands of an able-bodied man stabbling another in the breast, would reach the heart or a vital organ in the body. Bill of exceptions No. 6 states that the court overruled appellant's objection to a conversation referred to, but does not set out in the bill what the conversation was.

The county attorney while on witness stand was asked if he had had any occasion to perform any official duties in connection with the defendant which might have caused the latter to have unkind feelings toward him. The objection made to this was that it was

immaterial and prejudicial. We do not think it was immaterial, nor that the prejudice, if any, resulting from the answer would be of an illegal character.

We find no error in the bill of exceptions complaining of the fact that the indictment charges an assault upon "Emet" Thornton and the testimony showing that the county attorney spelled his given name "Emmett."

We have considered each error complained of and being unable to agree that any of them are of serious import, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files with the record in this case a written and sworn request asking that he be permitted to withdraw his motion for rehearing herein. It being in substantial compliance with appellant's request, the motion for rehearing will be overruled.

*Overruled.*