## ARCHIE LELAND McCOY v. THE STATE.

No. 15082. Delivered October 19, 1932.
Rehearing Withdrawn December 7, 1932.
Reported in 54 S. W. (2d) 530.

The opinion states the case.

*Truett, Abernathy & Wolford,* of McKinney, for appellant.

*W. C. Dowdy,* County Attorney, and *Leon O. Moses,* Asst. County Attorney, both of McKinney, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, assault with intent to murder; the punishment, two years in the penitentiary.

The evidence in brief offered by the state was to the following effect: The injured party, C. W. Roberts, was a regulaly appointed and acting policeman of the City of McKinney, Texas, at the time he was shot by the appellant with a pistol. The said Roberts had been acting as a night watchman on the night he was shot. Just before the time he was to go off duty, he was informed by one Jack Davis that he had seen a couple of drunk fellows, one of whom was appellant, in a car and they were driving the car while drunk. That they had gone across the square by the courthouse, which is in the main business section of the city of McKinney; Roberts started to find

the drunk men, and while he was crossing the square he met J. D. Harding, a newspaper boy, who told him that there were two drunk men at the Blue Bonnet cafe and they were driving a car. On his way to the cafe, Roberts was met by one Obe McCollum, who stopped him and told him there were two drunk men at the Blue Bonnet cafe. About this time Roberts saw the two drunk men going from the cafe to an automobile parked in the street near said cafe and the motor of said car was running. The two men got in the car and started to drive away. One of the two men was the appellant, and Roberts went up to the car and told them to halt. The appellant told his compainion to pay no attention to Roberts but to go ahead and he started the car and nearly ran over Roberts. They drove away zigzagging across the street as they left, and the said Roberts, together with one or two other persons, got in McCollum's car and started in pursuit of appellant and his companion for the purpose of arresting them. They overtook the appellant and his companion at Tom Lane's filling station just in the south edge of the city of McKinney. Roberts got out of the car and walked up to one Booker, who was the appellant's companion, and told him to consider himself under arrest. He did not see the appellant at the time, but asked the operator of the filling station where the appellant was. He then saw the appellant standing a few feet inside the filling station. The officer started toward appellant and when he was within six or seven feet of the appellant, the appellant shot him with a pistol. According to the testimony of the officer, he did not have his gun out at the time and had said nothing to the appellant. The bullet from appellant's pistol struck the officer in the breast and passed through his body. After the shot, the officer pulled his pistol and shot at appellant six times but did not hit him. After the shooting, the appellant got in his car and tried to escape but was arrested by the other persons who were with the officer at the time.

When the charge of the court was submitted to the appellant, he excepted to the charge in submitting to the jury the issue as to assault to murder committed without malice, because neither the law nor the evidence warranted the submission of such issue. The indictment in this case charged that the appellant "did on or about the 15th day of March, 1931, and anterior to the presentment of this indictment, in the county of Collin, State of Texas, then and there unlawfully and voluntarily with malice aforethought make an assault in and upon C. W. Roberts with the intent then and there to murder the

said C. W. Roberts." The court charged the jury upon assault with malice aforethought and also assault with a deadly weapon without malice. The jury found the defendant guilty of assault with intent to murder without malice, and assessed his punishment at two years confinement in the penitentiary.

The error complained of in the charge as contended for by appellant was that the trial judge gave in his charge article 1160, P. C., 1925, as amended by the 42nd Legislature, chap. 61, p. 95, as the law covering assault with intent to murder, which act did not become effective until April 17, 1931, as amended, and was therefore not applicable to this case because the alleged assault for which appellant was on trial occurred on March 15, 1931. The act of the 42nd Legislature amended article 1160, P. C., 1925, and changed said article to read as follows: "If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fifteen years; provided that if the jury find that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three years confinement in the penitentiary," et cetera, the only change in said article being "provided that if the jury find that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three years confinement in the penitentiary."

Section 4 of said bill reads as follows: "No offense committed prior to the taking effect of this Act of the Legislature shall be affected hereby, whether the indictment has been returned or not, but in every such case the offender may be proceeded against and punished under the law as it existed prior to the taking effect of this Act, the same as if this Act had not been passed."

The indictment in this case was filed on May 1, 1931. The trial of said case commenced on October 10, 1931. The appellant cites in support of his contention the cases of Hernandez v. State, 109 Texas Crim. Rep., 603, 6 S. W. (2d) 748, and Collins v. State, 111 Texas Crim. Rep., 308, 12 S. W. (2d) 801. Under the holding of this court in those cases, the trial court was in error in charging the jury under article 1160, as amended, because of the language of said bill, which provided that no prior offense should be affected by reason of said amendment.

The trial court in his charge to the jury gave to the appellant, as the court below evidently thought, the benefit of the new statute by the terms of which, if the assault was made

without malice, the minimum penalty for the offense had been reduced from two to one year. Prior to the amendment in 1931, the lowest punishment that could be inflicted under a charge of assault with intent to murder was for a period of not less than two years. This was the punishment assessed by the jury in this case. The question arises, as to whether it was such error as would authorize a reversal of the case under article 666, C. C. P., which provides that a case shall not be reversed even for an error in the charge unless such error be one calculated to injure the rights of the defendant. Conceding that the trial court, as contended by the appellant, should have charged under the old article 1160 and not as amended, the punishment fixed by the jury was within both the old and the· new statutes. We do not believe that the erroneous charge complained of was so hurtful and prejudicial to appellant as to call for reversal upon this issue. See section 644, Branch's Ann. P. C.; Thompson v. State, 91 Texas Crim. Rep., 234, 237 S. W., 926; also Ramirez v. State, 43 Texas Crim. Rep., 455, 66 S. W., 1101.

Appellant also excepted to the court's charge because the court did not submit the law of aggravated assault. We think that under the evidence the issue of aggravated assault was not raised. The weapon used by appellant was per se deadly. So far as the evidence adduced shows, the appellant intentionally shot the officer in the breast with a pistol. There was no evidence that the appellant did not intend to kill the officer at the time he shot him. The law presumes under such circumstances an intent to kill. Hadnot v. State, 110 Texas. Crim. Rep., 109, 7 S. W. (2d) 566; Collins v. State, 108 Texas Crim. Rep., 72. Hence, the issue of aggravated assault was not raised.

By bill of exception appellant complains of the action of the trial court in permitting the injured party to testify as to the extent of the injury inflicted upon him and as to the time of confinement in the hospital as a result of said injury. We do not believe that it was reversible error to permit the witness to testify as to the nature and character of the wounds inflicted upon him. See Daniels v. State, 112 Texas Crim. Rep., 305, 16 S. W. (2d) 539; Luttrell v. State, 70 Texas Crim. Rep., 183, 157 S. W., 157; Vineyard v. State, 96 Texas Crim. Rep., 401, 257 S. W., 548.

Bill of exception No. 3 shows that the prosecuting witness, Roberts, testified as to certain statements made to him prior to the shooting by Jack Dowell, J. D. Harding, and Obe McCollum

to the effect that defendant and one Booker were cutting up at the Blue Bonnet cafe; that they were drunk and traveling in a car and were driving the car while drunk around on the public streets of the city of McKinney and they pretty nearly ran into a grocery store and a market. After the witness had so testified, he further testified that thereafter he saw defendant and Booker go from the cafe to a car and drive south on Kentucky street. The testimony complained of, as shown by the bill, was not objected to when first offered, but the appellant afterwards moved the court to exclude the testimony as to what these parties told Roberts. The appellant explained that the testimony was not objected to when first offered for the reason that defendant's counsel supposed that the state was undertaking to prove that the officer had been notified by said witnesses that a felony had been committed and the offenders were about to escape.

The evidence in the case shows that the witness Dowell told the officer, C. W. Roberts, that he had seen a couple of fellows, one of whom was the defendant, drunk and driving the car while drunk and as to where they had gone. The evidence also showed that the witnesses Harding and McCollum informed the officer substantially to the same effect. The witness Roberts testified that one of the reasons why he went to the restaurant where appellant and his companions were was because he had been informed by the said witnesses that the appellant and his companion were drunk and were driving an automobile while so drunk upon the public streets of the town of McKinney. For that reason the state was contending that under article 215, C. C. P., which provides: "Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused," that the said Roberts had a right to arrest appellant without a warrant. The evidence complained of was admissible for the purpose of showing that before he attempted to arrest the appellant, representations by credible persons had been made to him that a felony was being committed by appellant.

The appellant also complains of the admission in evidence of the testimony of the witnesses, Harding, Dowell, and McCollum, as to the conduct and action of defendant. We consider that all of said evidence was admissible to show, if it did show, that appellant was drunk, and also to show that appel-

lant and another were driving an automobile while intoxicated on the public streets of the city of McKinney, upon the issue as to whether or not the officer Roberts had the right to attempt to arrest the appellant and his companion without a warrant.

The appellant contends that the trial court committed reversible error in failing to instruct the jury that the attempted arrest of appellant was illegal. It is conceded in appellant's brief that the officer had the right to arrest appellant if it had been done in a legal manner, contending that the uncontradicted evidence showed that appellant did not know C. W. Roberts and did not know he was an officer, and because of the fact that the uncontradicted evidence further showed that on the occasion in question the said Roberts did not make known to appellant under what authority he, Roberts, was attempting such arrest.

Under the evidence in this case, we do not believe that the trial court committed reversible error in failing to instruct the jury that the attempted arrest of appellant was illegal, but that he properly submitted the issue to the jury as to whether or not the appellant knew at the time he shot the witness Roberts that he was a peace officer.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Upon the written and verified request of the appellant that his motion for rehearing be withdrawn, the request is granted. Likewise his prayer that the mandate be issued at once.

*Motion withdrawn.*