MANUEL VILLA, SR. AND MANUEL VILLA, JR. v. THE STATE.

No. 15353. Delivered November 2, 1932.
Reported in 53 S. W. (2d) 1023.

The opinion states the case.

*S. B. Carr,* of Floresville, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishments, six and two years in the penitentiary, respectively.

Appellants were jointly charged with making an assault upon one Gurkasch with their malice aforethought, and with intent to kill and murder him. The records show that both appellants pleaded guilty. The court told the jury in his charge to find each of the defendants guilty as charged in the indictment and assess the punishment of each at confinement in the penitentiary for any number of years not less than two nor more than fifteen, as the jury might determine. The appellants were father and son, the son being a seventeen year old boy. The jury fixed the punishment of the father at six, and that of the son at two, years.

By an act which became effective April 17, 1931, which is chapter 61, Acts of the Regular Session of the 42nd Legislature it is provided that upon the trial of any person for assault with intent to murder, the court, in its charge to the jury, shall define malice aforethought, and in a proper case murder without malice, and instruct the jury touching the application of the law to the facts. It is further provided in said act that if the jury find that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three years confinement in the penitentiary. In his charge to the jury in this case the learned trial judge failed to take any note of this change in the law of assault with intent to murder, and it becomes our duty to determine whether, even though no exception was taken to the failure of the court to give such charge, the failure is such as will demand of this court a reversal of the judgment.

In the case of Martin v. State, 36 Texas Crim. Rep., 632, we held that a plea of guilty to murder does not embrace a confession of guilt of murder of the first degree. We further held in said case that the court should instruct the jury as to the elements of murder of the first degree and, if necessary, murder of the second degree, and that in this regard the trial should proceed under a plea of guilty as under a plea of not guilty. In the case of Harris v. State, 76 Texas Crim. Rep., 131, this court said: "If the defendant pleads guilty, and the facts should develop that he is not guilty, but acted purely in self-defense, it would be the duty of the

court to see that no conviction was had, although a plea of guilty was entered." In the case before us we are convinced that it was an error for which the case must be reversed, to fail to submit to the jury an instruction in regard to malice aforethought, and to further instruct them that unless they believed the assault in question was upon malice aforethought, or in case they had a reasonable doubt of such fact, the punishment of the parties accused should be by confinement in the penitentiary for not less than one nor more than three years.

We further call attention to the fact that both appellants testified that they acted in self-defense. While this conclusion is opposed by the testimony of the prosecuting witness, and we have no disposition to change the uniform holding of this court that a plea of guilty admits all criminative facts we must not disregard the further fact that the object of court procedure is to arrive at the truth and justice of every case, and it occurs to us that where ignorant foreigners, such as these appellants, with little understandg of our court procedure and its consequence, enter pleas of guilty and then take the stand and testify to states of facts which, if true, entirely refute and overcome such pleas it would appear that a better procedure would have been in such case to have the pleas of guilty withdrawn and the case concluded upon the entry of a plea of not guilty.

For the error of the court in failing to instruct the jury in accordance with the terms of the amended law on assault to murder, above referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*