J. C. PUNCHARD V. THE STATE.

No. 15349. Delivered November 2, 1932.
Repored in 54 S. W. (2d) 110.

The opinion states the case.

*Abe W. Wagner,* of Houston, and *K. C. Haynie,* of Austin, for appellant.

*O'Brien Stevens,* District Attorney, and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is negligent homicide of the second degree; the punishment, confinement in jail for one year and one day.

Omitting the formal averments, it is charged in the infor-

mation that appellant "did then and there while operating and driving an automobile upon a public highway of Harris county, State of Texas, to-wit, on Dennis avenue, a public street in the city of Houston, in said county and state, at a point near the intersection of Nettleton street, also a public street in the city of Houston, Harris county, Texas, negligently and carelessly cause the death of Matthews Provenzano, a person who was then and there upon said highway, by causing said automobile to strike and kill the said Matthews Provenzano, the death of the said Matthews Provenzano being the proximate consequences and result of the negligence of the said J. C. Punchard, who then and there was driving the said automobile at a dangerous, excessive and unlawful rate of speed, and who was not then and there keeping and maintaining a proper lookout for the presence of persons and vehicles then and there upon said highway, and particularly the person whose death he caused, and the said J. C. Punchard was negligent because he failed to apply the brakes in time prior to striking the said Matthews Provenzano, and the said J. C. Punchard then and there failed to use that degree of care which a man of ordinary prudence would have used under like and similar circumstances, there being then and there an apparent danger of causing the death of the said Matthews Provenzano, but no intent on the part of said J. C. Punchard to cause said death."

The proof on the part of the state was to the effect that Matthews Provenzano, a child about five years of áge, was near the street named in the information; that appellant drove his automobile down the street at approximately 45 miles an hour and at the time, instead of watching the road, was looking back, waving to some person; that appellant struck the child, carrying him approximately 72 feet; that appellant did not put his brakes on until he had hit the child; that the child was unconscious from the time it was hit by the automobile until its death two or three days later. Appellant's testimony was to the effect that he was driving less than 20 miles an hour; that an automobile was parked in front of the place of business of the child's father; that without warning deceased came into the road from behind the parked automobile and he had no opportunity to stop his car; that he immediately applied his brakes and carried the child only a few feet; that he was looking down the road at the time, and driving carefully. Appellant's testimony was corroborated by that of other witnesses.

In submitting the case to the jury the court defined negli-

gent homicide of the second degree, as meaning such as is committed in the prosecution of an unlawful act. Thereafter the jury were instructed as follows: "By an unlawful act is meant such an act as by the penal law is called a misdemeanor or such an act, not being a penal offense, as would give just occasion for a civil action." Further, the charge read: "You are charged, that our statutes further provide that whoever shall drive or operate a motor vehicle in this state within the limits of an incorporated city or town in excess of 20 miles per hour is guilty of a misdemeanor."

Again, we quote from the charge:

"The punishment for negligent homicide in the second degree, committed in the performance of an unlawful act attempted or executed, known as a misdemeanor, is by imprisonment in jail not exceeding three years or by fine not exceeding three thousand dollars.

"The punishment for negligent homicide in the second degree, when the act complained of is not a misdemeanor and is not a violation of the penal law but is one for which a civil action would lie, is by fine not exceeding one thousand dollars or by imprisonment in jail not exceeding one year."

In applying the law to the facts, the court, in a single paragraph, set out the allegations embraced in the information. The penalty was not mentioned in this paragraph, but after requiring the jury to believe beyond a reasonable doubt the matters set forth in said paragraph, the court said: "Then you will find the defendant guilty and assess his punishment as above provided." The punishment "above provided" was set forth in the two paragraphs of the charge hereinbefore quoted.

The verdict of the jury, which was followed in the judgment of the court, read as follows:

"We, the jury find the defendant guilty of negligent homicide in the second degree and assess his punishment at One Year and one day in Jail. J. M. Dunnington, Foreman."

Article 1239, Penal Code, reads as follows: "Negligent homicide of the second degree can only be committed when the person guilty thereof is in the act of committing or attempting the commission of an unlawful act."

Article 1240, Penal Code, provides: "Within the meaning of an 'unlawful act' as used in this chapter are included: 1. Such acts as by the penal law are called misdemeanors; and 2. Such acts, not being penal offenses, as would give just occasion for a civil action."

Article 1242, Penal Code, reads thus: "When the unlaw-

ful act attempted or executed is known as a misdemeanor, the punishment of negligent homicide committed in the execution of such unlawful act shall be imprisonment in jail not exceeding three years, or by a fine not exceeding three thousand dollars."

Article 1243, Penal Code, reads as follows: "If the act intended is one for which an action would lie, but not an offense against the penal law, the homicide resulting therefrom is a misdemeanor, and may be punished by fine not exceeding one thousand dollars, and by imprisonment in jail not exceeding one year."

The opinion is expressed that the information is not sufficient to support a conviction for negligent homicide of the second degree based on an act denounced by the penal law as a misdemeanor. Nowhere in the information is it charged that appellant operated the automobile on the designated street in the city of Houston in excess of 20 miles an hour, the pleader contenting himself with averring that appellant drove the automobile at "a dangerous, excessive and unlawful rate of speed." Under the provisions of article 1240, Penal Code, an unlawful act is such as by penal law is called a misdemeanor, and also such an act, not being a penal offense, as would give just occasion for a civil action. It is conceivable that one might drive an automobile on a street in an incorporated city at not over 20 miles an hour and yet, in contemplation of the statute denouncing negligent homicide, execute an unlawful act. For example, driving an automobile along a street crowded with pedestrians at a rate of speed of 20 miles an hour might, under the circumstances, constitute an excessive and unlawful rate of speed, notwithstanding the act in driving at such rate was not made penal by law and denounced as a misdemeanor. Such conduct might involve, in a case of negligent homicide, a violation of the rule of ordinary care, which would apply in the absence of a statute. See West Texas Coaches v. Madi et al. (Texas Com. App.), 26 S. W. (2d) 199. Aside from the fact that the statute denouncing negligent homicide of the second degree provides that "unlawful act" includes certain acts not made penal by law, it is observed that generally it is held by the courts that the term "unlawful" does not necessarily mean contrary to some statute. We quote from State v. Dorsey, 118 Ind., 167, 20 N. E., 777, 10 Am. St. Rep., 111, as follows: "The words 'unlawful act,' as used in the section of the statute relating to involuntary manslaughter, are not technical words, therefore they are to have their plain or usual

meaning. Webster defines the word 'unlawful' as follows: 'Not lawful; contrary to law; illegal; not permitted by law.' * * * The word 'unlawful' as defined by Bouvier in his Law Dictionary is 'That which is contrary to law.' Another definition is: 'Unlawful implies that an act is done or not done as the law allows or requires.' Abb. Law. Dict. 'Lawful, unlawful, and illegal refer to that which, in its substance, is sanctioned or prohibited by law.' Anderson, Law Dict. 'The reader should bear in mind that 'unlawful' signifies contrary to law, and many things are contrary to law while not subjecting the doer to a criminal prosecution.' 2 Bishop Criminal Law, section 178. A lawful act done in an unlawful or negligent manner is in law an unlawful act. Com. v. Hunt, 4 Metc. (Mass.) 111, 38 Am. Dec., 346; * * *." For other decisions on the subject see State v. Sanders, 68 So., 125, Ann. Cas., 1916E, 105, and State v. Frazier, 39 P., 819.

Article 414, C. C. P., requires that the offense be set forth in the information in plain and intelligible words. The rules relating to allegations in indictments and the certainty required are applicable to informations. State v. Elliott, 41 Texas, 224; Calvert v. State, 8 Texas App., 538; Rasberry v. State, 1 Texas App., 664. All that is essential to constitute the offense must be explicitly charged and can not be aided by intendment. Middleton v. State, 114 Texas Crim. Rep., 263, 25 S. W. (2d) 614, and authorities cited. To reach the conclusion that the information charges negligent homicide of the second degree under that provision of the statute relating to the execution of an act made penal by law and denounced as a misdemeanor, it would be necessary to hold that the allegation that appellant drove the automobile at an unlawful rate of speed is tantamount to an averment that he drove at a rate of speed in excess of 20 miles an hour. Looking to the meaning of the word "unlawful" as used in the statute defining negligent homicide and as generally defined in the decisions to which reference has been made, we are unable to reach the conclusion that the averments mentioned are equivalent. It follows that, in our opinion, the information fails to charge that appellant negligently caused the death of deceased, while he (the appellant) was executing an act that was a misdemeanor. We disclaim any intention of holding that the information fails to charge that phase of negligent homicide of the second degree involving the execution of such acts, not being penal offenses, as would give just occasion for a civil action.

The district attorney trying the case suggests in his brief

that the allegations in questions should be treated as sur-
plusage, both as to the information and charge of the court.
If this suggestion should be followed, we would have left negli-
gent homicide predicated upon an act not denounced as a mis-
demeanor by the penal law, but such an act as would give just
occasion for a civil action. The punishment for negligent
homicide committed under the conditions last stated is fixed by
the statute at a fine of not exceeding one thousand dollars and
imprisonment in jail not exceeding one year. Looking to the
charge of the court relating to the punishment for this phase
of negligent homicide, it is observed that the jury were in-
structed that such punishment was a fine not exceeding one
thousand dollars or imprisonment in jail not exceeding one
year. This was manifestly erroneous. The matter was not
called to the attention of the trial court by exception to the
charge of the court. The matter was, however, set up in ap-
pellant's motion for a new trial and is urged in this court as
an error of a fundamental nature, which, under the circum-
stances reflected by the record, is prejudicial to appellant's
rights. It was stated by this court in Thompson v. State, 91
Texas Crim. Rep., 234, 237 S. W., 926, that a mistake in the
charge as to the penalty was such an error as that, no matter
when raised, we should consider it. In the same connection,
however, it was said that the spirit of article 666, C. C. P.,
should control in determining whether any injury could or did
result from the error. See, also, Sulak v. State, 118 Texas
Crim. Rep., 112, 40 S. W. (2d) 157. The punishment assessed
by the jury was confinement in jail for one year and one day,
without a fine. If the allegations, as suggested by the district
attorney, be treated as surplusage in the charge and in the in-
formation, and it should be presumed that the jury found ap-
pellant guilty of negligent homicide of the second degree predi-
cated upon an act not made penal, but giving just occasion for
a civil action, we find ourselves confronted with a situation in
which the jury assessed a penalty not authorized by article
1243, Penal Code. Hence the verdict would be void. Fowler
v. State, 9 Texas App., 149; Sager v. State, 11 Texas App., 110;
Johnson v. State, 18 Texas App., 7; Coleman v. State, 75 Texas
Crim. Rep., 66, 170 S. W., 150. In any event, the jury were
advised in the erroneous charge in question that the jail pen-
alty could not be more than one year. This was correct. The
error was in stating the punishment to be either a fine *or* im-
prisonment, when the statute provides for a fine *and* imprison-
ment. In as much as the jury assessed the punishment at con-

finement in jail for more than one year, which was properly authorized in the charge of the court for that phase of negligent homicide involving an act made penal by statute and denounced as a misdemeanor, we are unable to say it was not for such phase of the offense appellant was convicted. In such event, the conviction could not stand for the reason that, as heretofore pointed out, the information is not sufficient to support the verdict. On the other hand, if it should be concluded that appellant was convicted of that phase of negligent homicide predicated upon an act, not being a penal offense, but such as would give just occasion for a civil action, the verdict of the jury would be void, for the reason that, as heretofore pointed out, the punishment assessed therein was not authorized by the statute. In either event, the conviction can not stand.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has. been examined by the Judges of the Court of Criminal Appeals. and approved by the Court.