# JANUARY 26, 1938

### G. L. BACON v. THE STATE.

No. 19231.   Delivered December 15, 1937.
Rehearing Denied January 26, 1938.

The opinion states the case.

*W. C. Boyd,* of Denton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property under the value of fifty dollars; the punishment, confinement in jail for sixty days.

H. F. Holley owned some farm implements, the market value of which he placed at more than fifty dollars. According to the testimony of the State, appellant and Jinks Upchurch took said property from the possession of Mr. Holley without his consent. Testifying for the State, Upchurch said that appellant paid him a dollar for removing the property. Further, the witness said: "G. L. Bacon (appellant) knew that iron wasn't mine. I told him that it belonged to Phil Holley."

Appellant testified that his son, Henry Bacon, was buying and selling junk; that he (Henry Bacon) asked him to go to Upchurch's with him to get some iron; that when they reached the place where the iron was located Jinks Upchurch got his wagon and hauled it away for Henry Bacon; that he (appellant) did not know whose iron it was but believed that it belonged to Jinks Upchurch; that Upchurch sold the iron to Henry Bacon; that he (appellant) loaned Henry Bacon a dollar to pay for said iron. Some of appellant's witnesses expressed the opinion that the property in question was of the approximate value of ten dollars. Several witnesses testified that appellant's general reputation for honesty and fair dealing was good.

We are unable to agree with appellant that the testimony is insufficient. It is true that the court did not instruct that Jinks Upchurch was an accomplice witness, and that his testimony must be corroborated. No such charge was demanded, either

by exception to the main charge, or request for a special charge. Hence we are not authorized to order a reversal of the judgment because of the failure to so instruct the jury. Rivas v. State, 265 S. W., 583. If there was no testimony other than that of Jinks Upchurch to connect the appellant with the commission of the offense and this court concluded that he was an accomplice witness as a matter of law a reversal would be ordered. However, we deem the corroborating testimony sufficient. A witness who was in no manner connected with the transaction testified that he saw appellant take the property.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant, on his motion for rehearing, insists that we erred in our original opinion in holding that the evidence was sufficient to justify the jury's conclusion of his guilt.

The State's testimony shows that appellant, his son, and Jinks Upchurch were seen loading the property into a truck and taking it away. Appellant testified that his son had purchased the property from Upchurch for one dollar. Upchurch denied this but admitted that he assisted appellant and his son in loading it.

Therefore, it is apparent that the testimony raised an issue of fact for the jury who determined the same adversely to appellant's contention. Their finding is binding upon this court unless there is no testimony to sustain their verdict.

The motion is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.