## BAKER v. STATE.

### No. 20417.

Court of Criminal Appeals of Texas.

June 7, 1939.

Ben King, of Burnet, and Horace Shelton, of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Conviction is for theft of turkeys; punishment assessed is confinement in the county jail for a period of 100 days and a fine of $200.

There are no bills of exception in the record, nor any objections to the court's charge. However, in a supplemental brief, appellant complains of the court's charge relative to the suspension of the sentence. He contends that the charge is too restrictive and deprived him of a valuable legal right. We are in accord with him. The court's charge on the subject reads as follows: "Our statute provides that where a person is charged with the offense of theft of turkeys, and the jury finds him guilty and assess the punishment at imprisonment in the penitentiary for any term of years not more than two; and they further find that the defendant has

never been convicted of a felony in this state or in any other state, the jury may cause the sentence to be suspended during the good behavior of the defendant."

It will be noted from the instruction that the jury was authorized to recommend a suspension of sentence only in the event they found appellant guilty of the offense charged and assessed his punishment at confinement in the penitentiary.

This was tantamount to an instruction that if they assessed his punishment at a fine and confinement in the county jail, they could not recommend the suspension of sentence. This, of course, was erroneous and in our opinion constitutes such error as he might raise for the first time in this court even on a motion for rehearing.

To illustrate the correctness of our conclusion, we make the following observation: If the court had instructed the jury that in case they found appellant guilty to assess his punishment in the penitentiary for not less than one or more than two years, it would have been an erroneous instruction as to the penalty and would have restrained the jury from assessing his punishment at a fine or confinement in the county jail. This clearly would have been erroneous. Consequently, when the trial court, by his instruction, restrained the jury in their privilege of recommending a suspension of sentence in case they assessed his punishment at a fine and by confinement in the county jail, appellant was deprived of a valuable legal right, which constituted error of a reversible nature. See Sulak v. State, 118 Tex.Cr.R. 112, 40 S.W.2d 157; Punchard v. State, 122 Tex.Cr.R. 134, 54 S.W.2d 110; Thompson v. State, 91 Tex.Cr.R. 234, 237 S.W. 926; Villa et al. v. State, 122 Tex. Cr.R. 142, 53 S.W.2d 1023; McCoy v. State, 122 Tex.Cr.R. 298, 54 S.W.2d 530.

In the case of Gordon v. State, Tex.Cr.App., 120 S.W.2d 1071, this court held that the statute relative to the suspension of sentence, Vernon's Ann.C.C.P. art. 776, of one convicted of a felony does not limit such right to cases in which a penitentiary term is assessed. The conviction need be only for a felony and the fact that the punishment is assessed at a fine or imprisonment in the county jail will not prevent a suspension of sentence if recommended by the jury. See, also, Cryer v. State, 128 S.W.2d 808, decided by this court on May 24, 1939, but not yet reported [in State Reports].

The conviction in the instant case, regardless of the punishment assessed, was for a felony and automatically deprived appellant of the full rights of citizenship. When he filed his plea for a suspension of sentence in case of conviction, it was equivalent to a request for an instruction thereon, provided of course that the proof supported the plea as it did in this case. The court realized the necessity of an instruction thereon to the jury, but restricted them in their privilege of recommending a suspension of sentence to the assessment of his punishment by confinement in the penitentiary.

From what has been said, it follows that the judgment of the trial court must be reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.