HUBERT H. MAY V. STATE

No. 27,108. October 27, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 8, 1954

*Dixie & Ryan*, by *Thomas M. Ryan*, Houston, for appellant.

*Ewing Werlein*, District Attorney, *King C. Haynie*, Assistant District Attorney, Houston, and *Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to rape; the punishment, eight years.

The prosecutrix, a 20-year-old telephone company employee, testified that she had met one Stanley, a city bus driver, on Sunday prior to the day on which the assault was alleged to have taken place; that she had made a date to meet him after work on the Tuesday following; and that when he arrived the appellant,

whom she did not know, was in the automobile with him. She stated that the three of them proceeded to a drive-in, where the men drank a beer, and then drove on to another drive-in, where the men drank some more beer. Prosecutrix testified that she had become frightened by this time, because they had passed the street where they should have turned in order to take her home so that Stanley might meet her parents, as they had planned. She stated that she remonstrated with the men, and they agreed to take her home; that she got in the rear and the men in the front seat, with Stanley driving, but that instead of turning back they headed toward Galveston on the Freeway. She stated that she tried to open the door, but they had attained such speed that she was afraid to jump; that the appellant climbed in the back seat with her and, in spite of all her fighting, pulled her pants off. She testified that she made several attempts to get the door open but that the appellant kept pulling it shut; that she shouted for help as they passed automobiles but that the appellant rolled up the windows. Prosecutrix stated that while she was fighting with the appellant Stanley said, "Knock her out," and that the appellant hit her several times with his fist. She testified that she managed to get one shoe off and hit Stanley on the head with the heel several times in her efforts to bring the automobile to a halt, and that this succeeded; that after they pulled off the road Stanley said that when the appellant got through with her he was going to take over.

Prosecutrix testified that during this time the appellant had one hand on her private parts and that Stanley twisted her foot in an effort to get her to submit to the appellant; that she agreed; that Stanley got out of the automobile to wipe the blood off his head, and the appellant, whose privates were by then exposed, tried to pull her over on him; that he did not have intercourse with her but that soon thereafter the appellant announced that he was through with her and got out of the automobile, buttoning up his pants. She stated that she took this opportunity to escape, ran across the Freeway and caught a ride back into Houston with some people; that they took her home, and from there she went to her doctor's office and then to the police station, where she identified the appellant in a lineup.

Mrs. Charlton testified that she picked up the prosecutrix on the Freeway as she returned from Galveston on the day and hour in question and carried her home, that the prosecutrix was very bloody, was scratched and bruised and had no shoes or

purse, was in a semi-hysterical condition, and reported that two men had tried to rape her.

Dr. Klanke testified that he examined the prosecutrix on the day in question, describing the bruises on her face, neck, thighs, buttocks and on the side of her vaginal entrance.

Appellant offered evidence of his good reputation and testified that between the two drive-ins the prosecutrix had ridden in the back seat with Stanley, that they had embraced each other, and he heard the prosecutrix say, "Wait, not out here." He stated that Stanley and the prosecutrix began to argue, and when they left the last drive-in she stated that she was not going to ride with Stanley and got in the back seat with him. He then describes how the prosecutrix put her arm on his shoulder and exposed her privates to him which were unclothed. He follows this with the extraordinary assertion that he made no effort to have intercourse with her. He states that prosecutrix and Stanley fought between themselves, one in the back seat and one in the front seat, but makes no effort to explain how the side of prosecutrix' vaginal entrance was injured.

The jury resolved this disputed issue against the appellant, and we find the evidence sufficient to support the conviction.

Appellant complains that, though the trial court defined "force" in his charge to the jury, he did not do so in the terms of the statute. In his charge the court said, "and by force, that is, the use of such force as is sufficient to overcome such resistance as she should make." Article 1184, P.C., says that force "must have been such as might reasonably be supposed sufficient to overcome resistance taking into consideration the relative strength of the parties and other circumstances of the case."

Appellant concedes that no objections were leveled to the charge but contends that this case should be reversed even in spite of Article 666, C.C.P., which provides, in part, that "all objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial." He cites two cases by this court in which a reversal was had because of errors in the charge not objected to in the trial below. In Villa et al v. State, 122 Texas Cr. Rep. 142, 53 S.W. 2d 1023, two ignorant foreigners, unlearned in court procedure, had plead guilty to assault with intent to murder and then took the stand and testified that they acted in self-defense. We held that the better procedure would have been to have withdrawn the

pleas of guilty and entered a plea of not guilty for them. It would appear from the opinion that the accuseds were without counsel in the trial of their case, and the case was properly one of due process. We would not be inclined to extend the holding in the Villa case.

Appellant also cites Baker v. States, 137 Texas Cr. Rep. 218, 129 S.W. 2d 317. He overlooks the fact that we expressly overruled the Baker case in Flowers v. State, 150 Texas Cr. Rep. 467, 202 S.W. 2d 462, wherein we said:

"Insofar as it is said in the case of Baker v. State, supra, that the failure to object to the trial court's charge can be raised for the first time in this court even on a motion for rehearing, the same was dicta and is herein expressly overruled."

Finding no reversible error, the judgment of the trial court is affirmed.