EUGENE JACKSON FOSTER v. STATE

No. 31,737. April 20, 1960
Motion for Rehearing Overruled June 8, 1960
Second Motion for Rehearing Overruled October 12, 1960

*Daugherty, Bruner, Kelsoe & Thorp,* by *Samuel E. Dalgherty,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Jerome C. Chamberlain, Jr., Robert E. Lyle, Phil Burleson,* Assistants District Attoreny, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The conviction is for felony theft with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life imprisonment under Art. 63, V.A.C.P.

The state's testimony shows that the injured party, Charles B. Sydow, was the owner of a fourteen foot Miami Blue Star aluminum boat and a two-wheel trailer of the aggregate value of $250 which he kept in a fenced enclosure behind his place of business. On January 9, 1959, Sydow discovered that the gate had been broken and that the boat and trailer were missing. Sydow testified that he had given no one permission to take the boat and trailer and that he next saw the boat and trailer approximately three months later at the city pound.

Gene T. Cox, called as a witness by the state, testified that he was acquainted with the appellant and that on the night of either January 7, 8, or 9th, 1959, the appellant and another man whom he did not know came to his home with a boat and trailer which he purchased from appellant for the sum of $150. The witness stated that in the transaction he understood the boat and trailer belonged to the appellant and that several months later, after he had partially repainted the trailer, he turned the boat and trailer over to the police department. Cox further stated that appellant thereafter came by his place of business and talked to him about the boat and trailer and in the conversation stated that someone had squealed on him and asked the witness to help him but did not specify how he could.

Officer Smith testified that in the month of April 1959, he had a conversation with the witness Gene T. Cox relative to the boat and trailer which he had purchased from the appellant and that he took the boat and trailer from Cox's home to the police pound.

Proof was made by the state of the two prior alleged convictions and appellant, while testifying as a witness, admitted that the allegations in the indictment with reference to the two prior convictions were true.

Testifying in his own behalf, appellant denied stealing the boat and trailer in question and going to Cox's home to sell the same. Morris Label, who was under conviction and sentence of life imprisonment as an habitual criminal, upon being called as a witness by the appellant, testified that it was he and not the appellant who stole the boat and trailer and sold them to the witness Cox. Label testified that appellant was not with him either when the theft was committed or the property was sold.

The court submitted the issue of appellant's guilt to the jury upon a charge on circumstantial evidence.

Appellant made no objection to the charge and presented no requested charges to the court.

In his brief appellant complains of certain instructions given in the charge and to the court's failure to charge the jury with reference to the law relating to accomplice testimony. Complaint is also made to the court's failure to charge on appellant's defense that the witness Label and not the appellant stole the boat and trailer.

In the absence of an objection or requested charge appellant is in no position to complain of the charge as given by the court. May v. State, 160 Tex. Cr. R. 582, 272 S.W. 2d 886. We find no fundamental error in the court's charge. In the absence of an objection or requested charge by appellant, the court's failure to charge the jury on the law does not present reversible error. Bacon v. State, 133 Tex. Cr. R. 512, 112 S.W. 2d 480; Woods v. State, 152 Tex. Cr. R. 525, 215 S.W. 2d 334.

We find the evidence sufficient to sustain the conviction and overrule appellant's contention that the state's witness, Cox, was shown to be an accomplice witness as a matter of law. The evi-

dence of appellant's recent and unexplained possession of the stolen boat and trailer is sufficient to sustain the conviction. McKenna v. State, 164 Tex. Cr. Rep. 623, 301 S.W. 2d 657 and Wall v. State, 167 Tex. Cr. R. 634, 322 S.W. 2d 641.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge

It is contented for the first time on motion for rehearing that the conviction should be reversed because the record on appeal does not show a compliance with Art. 494 V.A.C.C.P. (as amended in 1959) which provides that counsel appointed by the court pursuant to the provisions of said article "shall have ten (10) days to prepare for trial, unless such time be waived in writing by said attorneys and the accused."

Certified copies (photostats) bearing the signatures of appellant and Ross Hardin, his counsel, have been furnished us by both counsel for appellant and counsel for the state which recite that the court appointed Ross Hardin as counsel to represent the defendant "and the said defendant and counsel hereby waive the 10 days in which to prepare for trial, and agree that said cause may be tried on this date, to wit August 24, 1959, or any day hereafter."

This waiver appears to be a compliance with the statute. Art. 494 V.A.C.C.P. as amended does not require that the waiver in writing be filed but only that it be signed by the accused and his counsel. Whether it was filed after the trial began, or whether it was included in the transcript on appeal is not material.

Appellant's motion for rehearing is overruled.