NO. 07-01-0431-CR


NO. 07-01-0432-CR


NO. 07-01-0433-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 9, 2002



______________________________




DERRICK L. SALTER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 209TH DISTRICT COURT OF HARRIS COUNTY;



NOS. 815665, 815666, 815667; HONORABLE MICHAEL MCSPADDEN, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 In this consolidated appeal, appellant Derrick L. Salter challenges three convictions
asserting a single point of error. He argues he was denied reasonably effective assistance
of counsel in violation of his Sixth Amendment constitutional right to such assistance. His
argument is based on his trial attorney's failure to object to the trial court's statements to
the jury panel regarding whether any sentences would run concurrently or consecutively. 
We affirm.

 A brief recitation of the facts of the underlying offenses is helpful to understand the
issue presented. In the early evening of December 31, 1998, David Bodden (Bodden) and
Beatriz Casas (Casas), coworkers at Ace Cash Express, were just leaving work when they
were approached by two masked and armed men. The men forced both employees into
Casas's car, drove away from the store and said they intended to rob the store. They
obtained a store key and safe combination from the victims and returned to the store. The
men threatened both employees with injury. 

 Bodden suggested that he enter the store and open the safe. Once inside, Bodden
locked the door and called the police. The men left with Casas, taking Bodden's car,
which contained his wallet and mobile phone. Casas was transferred to a station wagon,
where she was raped by one of the men while the other drove the car. She was released
naked in a field and made her way to a nearby house. Using telephone records for calls
made from Bodden's mobile phone that night and DNA evidence obtained from Casas,
police identified appellant, arrested him and charged him with aggravated robbery,
aggravated kidnapping, and aggravated sexual assault. 

 Appellant pled not guilty in each case and all three cases were tried jointly to a jury
in May 2001. The jury rejected the testimony of appellant's alibi witnesses and convicted
him of all three offenses. The jury assessed punishment at confinement for 40 years for
the sexual assault, 25 years for kidnapping, and 25 years for the robbery. The judgment
in each case recites that the sentence is to be served concurrently with any other
sentence. Appellant filed a timely notice of appeal and now asserts a single point of error
in challenge of each conviction. 

 Appellant's complaint is based on trial counsel's failure to object to the trial court's
response to a question from a member of the venire inquiring whether the sentences
imposed in each case would be cumulative or not. He argues this single error amounted
to ineffective assistance of counsel.

 The standard by which we are to review claims of ineffectiveness of trial counsel is
that set out in the seminal case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show that trial counsel was
ineffective, a claimant must establish two elements: 1) his counsel's performance was
deficient, and 2) the deficient performance prejudiced the defense. Strickland, 466 U.S.
at 687. 

 The first component is met by showing that trial counsel made errors so significant
that he was not functioning as the counsel guaranteed by the Sixth Amendment to the
United States Constitution. Id. The second component necessitates a showing that
counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial
whose result is reliable. Id. A claimant must show that, but for counsel's errors, the result
of the proceeding would have been different. Id. at 694. A reasonable probability is one
sufficient to undermine confidence in the outcome. Id. When reviewing a claim of
ineffective assistance, we indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance. Jackson v. State, 877 S. W.2d 768,
771 (Tex.Crim.App. 1994). The defendant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. Id. The
defendant asserting ineffective assistance must present a record with evidence of the
reason/reasons that the alleged ineffective assistance actions or omissions were not trial
strategy. The defendant must prove that counsel's errors, judged by the totality of the
representation and not by isolated instances of error or by only a portion of trial, denied
him a fair trial. Strickland, 466 U.S. at 695. 

 As noted above, during voir dire, a venire member asked whether any sentences
would be served consecutively or not. The prosecutor responded that it was not an issue
for the jury's consideration and should not be considered. The court also stated it was not
a factor to be considered by the jury and the issue would be decided by the court. No
objection was made to the response of the prosecutor or the court. During deliberations,
the jury sent out a note posing the same question. The court responded that it would make
that decision.

 Appellant now contends the responses provided during voir dire misstated the
applicable law set out in section 3.03 of the Penal Code, which requires sentences
imposed in joint trials to be served concurrently subject to specific exceptions. In support
he cites Haliburton v. State, 578 S.W.2d 726 (Tex.Crim.App. 1979), which held it was not
an abuse of discretion for a court to instruct a jury that sentences in a joint trial would be
served concurrently. Id. at 729. We do not agree this holding supports appellant's
conclusion that the failure to give such an instruction is error. A footnote by Judge Clinton
in Gordon v. State, 633 S.W.2d 872 (Tex.Crim.App. 1982), offers support for withholding
such an instruction on the rationale that it is not a proper issue for the jury to consider. Id.
at 879, n.16. Under the applicable case law, we cannot agree that the failure to object was
deficient performance. 

 Moreover, appellant has failed to overcome the presumption that counsel's decision
not to object was sound trial strategy. By allowing the jury to believe the sentences may
be served sequentially, rather than concurrently, trial counsel may have felt that the jury
would be less likely to impose punishment near the maximum for each offense. While we
may not speculate as to the jury's mental process in reaching its verdict, trial counsel may,
and it is appellant's burden to show the decision could not be the result of sound trial
strategy. Appellant has failed to establish that trial counsel's performance was deficient. 
We need not consider the second prong of the test set out in Strickland. We overrule
appellant's sole issue and affirm the judgments of the trial court.


 John T. Boyd

 Chief Justice


Do not publish.



nhideWhenUsed="false" Name="Medium Grid 3 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00072-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
14, 2011

 



 

JEREMY JAY BROCK, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 222ND DISTRICT COURT OF
DEAF SMITH COUNTY;

 

NO. CR-2006D-049; HONORABLE ROLAND D. SAUL, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant Jeremy Jay Brock attempts to appeal the trial
courts denial of his request for appointment of counsel in a proceeding for
post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure.[1]  Finding we lack appellate jurisdiction, we
dismiss the appeal.

            The
record in this case has not been filed but the clerk of the trial court
submitted a copy of appellants notice of appeal and the trial courts order
denying appellants request for appointment of counsel.  We notified appellant by letter of a possible
jurisdictional defect and afforded him more than ten days to supply documents
or matters he deemed necessary for determination of our jurisdiction.  Appellant did not respond to our notice
letter.  We have considered our
jurisdiction.

            According
to appellants notice of appeal he seeks our review of the trial courts order
denying his request for appointment of counsel pursuant to article 64, Code of
Criminal Procedure, heretofore rendered against him . . . [on] January 21,
2011.  On January 21, the trial court
signed an order reciting that it had considered appellants request for appointment
of counsel in a Chapter 64 proceeding along with appellants declaration of
inability to pay costs.  The court found
no reasonable grounds for a motion under Chapter 64,[2]
and denied appellants request for appointment of counsel.

            The
right to appeal is conferred by the legislature, and generally a party may
appeal only that which the legislature has authorized.  Vargas v. State, 109 S.W.3d 26, 29 (Tex.App.--Amarillo
2003, no pet).  Thus unless
jurisdiction is expressly granted by law, an appellate court does not have
jurisdiction to review orders made during the course of a case before entry of
a final order.  Apolinar v. State, 820 S.W.2d.
792, 794 (Tex.Crim.App. 1991).  The Texas Court of Criminal Appeals has held
that an order denying appointed counsel under article 64.01(c) of the Code of
Criminal Procedure is not an immediately appealable order.  Gutierrez v. State, 307 S.W.3d 318, 319 (Tex.Crim.App.
2010).  Rather, the order is
appealable if and when the motion for forensic DNA testing is denied.  Id. at 323.

            Because appellant seeks review of an
interlocutory order over which appellate courts have not been given
jurisdiction, we dismiss the appeal for want of jurisdiction.  

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.

 








 











[1]  Tex. Code Crim. Proc. Ann. arts. 64.01-64.05
(West 2006 & Supp. 2010).





[2] Tex. Code Crim. Proc. Ann. art.
64.01(c) (West Supp. 2010) (appointment of counsel requires court find
reasonable grounds for filing motion under Chapter 64).