### ABRAHAM RAMIREZ v. THE STATE.

#### No. 2434.   Decided February 19, 1902.

**1.—Cattle Theft—Mistake in Charge as to Penalty Not ·Ground for Reversal, When.**

On a trial for cattle theft, where the court charged the jury that the penalty was "not less than two nor more than five years" in the penitentiary, whereas the statutory penalty is "not less than two nor more than four years," and the verdict of the jury assessed the punishment at two years, the minimum penalty; Held, under article 723, Code of Criminal Procedure, as amended in 1897, such error, not being calculated to injure defendant's rights, did not constitute reversible error.

**2.—Circumstantial Evidence—Charge—Omission In.**

A charge on circumstantial evidence, otherwise sufficient, is not fatally defective because it omits to instruct the jury that defendant "and no other person" committed the offense.

**3.—Same—Charge as to Reasonable Doubt.**

Where the charge of the court has sufficiently instructed the jury as to the presumption of innocence and reasonable doubt, it is not fatally defective because it omitted the reasonable doubt as to one particular phase or paragraph. The charge must be considered as a whole.

Appeal from the District Court of Zapata.   Tried below before Hon. A. L. McLane.

Appeal from a conviction of cattle theft; penalty, two years imprisonment in the penitentiary.

A general statement of the facts proved is not required.

No brief for appellant found with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of cattle theft, and his punishment assessed at confinement in the penitentiary for a term of two years.

The court charged the punishment "to be not less than two nor more than five years in the penitentiary," whereas the punishment, by law, is not less than two nor more than four years.   Exception was reserved to this portion of the charge.   The court states in signing the bill: "I am of opinion the error complained of did not injure appellant's rights, and the new trial prayed for should not be granted, under the law as it now is, under article 723, as amended March 12, 1897."   Appellant received the minimum punishment,—two years in the penitentiary.   Under the decisions of this court construing article 723, Code of Criminal Procedure, this error was not calculated to injure appellant's rights.

The charge on circumstantial evidence is criticised as being erroneous, in that it failed to instruct the jury that defendant, "and no other person," etc.   The court charged the jury in that connection that they must believe accused committed the offense.   Appellant contended that the omission of the expression "and no other person" is fatal to the charge.

In this there was no error. This question has been previously decided adversely to appellant's contention.

The following excerpt from the charge is criticised: "Therefore, if you believe the four cattle in question were stolen from the range, and that recently afterward defendant had them in his possession, then, to warrant his conviction as the thief, you must be satisfied from the evidence that Abraham Ramirez is the person who took the cattle from their range, so that if you believe he bought them from Saturnino Garza and Labrado Garza, or from either, then he will not be guilty of theft, even if you believe that he knew they were stolen by persons from whom he bought them." The objection to this charge is that it required defendant to prove by a preponderance of evidence that he bought the cattle, and thus eliminated reasonable doubt from this phase of the case. The charge, taken as a whole, is not subject to this criticism; nor do we believe this particular portion of the charge is deficient in the matter criticised. It is true, "reasonable doubt" is not mentioned in the excerpt; but the court, after submitting the charge to the jury, to the effect that before they could convict they must believe beyond a reasonable doubt he fraudulently took from the possession of the alleged owner the cattle described in the indictment, without his consent, etc., but otherwise that they should acquit him, further gave the reasonable doubt in this language, "If you do not so believe beyond a reasonable doubt, you will acquit the defendant." Then, subsequently, again gave the presumption of innocence and reasonable doubt. The contentions of appellant, as presented by the record, do not show such error as requires a reversal of the case. The judgment is affirmed.

*Affirmed.*