486 P.2d 1034

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Ralph Frank CANFIELD, Defendant and Appellant.**

**No. 12326.**

Supreme Court of Utah.

July 9, 1971.

Myrna Mae Nebeker, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Robert B. Hansen, Deputy Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

ELLETT, Justice.

The defendant was found guilty by a jury of the crime of uttering a forged check whereon he was the named payee. He appeals from the conviction and sentence, assigning a number of errors which can be grouped into two general categories, viz.:

A. He is an alcoholic and was too drunk at the time of passing the check to form an intent to defraud.

B. The judge committed prejudicial error in explaining the penalty for the crime of forgery to the prospective jurors.

We will examine these two claims in the order stated.

### A.

The defendant did not testify at the trial but called his ex-wife and his present girl friend, who testified in his behalf. Each one said he was an alcoholic and that on the day of the alleged crime he was exceedingly drunk.

Section 76-1-22, U.C.A.1953, reads as follows:

No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive or intent is a necessary element

to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the purpose, motive or intent with which he committed the act.

The trial court gave the following instruction, which in substance was as requested by the defendant:

The rule is that drunkenness does not apply to the full extent where a specific intent or motive is an essential element of the offense charged. If at the time of the commission of such an offense the accused was, by intoxication, so entirely deprived of his reason that he did not have the mental capacity to entertain the necessary specific intent which is required to constitute the crime, he must necessarily be acquitted. This is so, not because drunkenness excuses crime, but because, if the mental status required by law to constitute a crime be one of specific intent, and drunkenness excludes the existence of such mental state, then the particular crime charged has not in fact been committed.

No exception was taken to the giving of this instruction, and no claim of error is made concerning it on this appeal.

The woman who cashed the forged check testified that she knew the defendant and had cashed checks for him before; that she asked the defendant before cashing the check if he was then working for the company which had ostensibly issued the check to him; that he replied that he was; and that in her opinion the defendant was not drunk at the time.

There is no contention made by the defendant that such a state of intoxication as he may have been in was other than self-induced or that the check was not forged.

Under the evidence presented, the jury was warranted in believing the defendant's guilt was established beyond a reasonable doubt.

B.

■ Section 77–30–19(12), U.C.A.1953, permits a challenge for bias to a prospective juror who has a belief that the punishment permitted by law is too severe for the offense charged. In order for a party to make an intelligent challenge, it would, therefore, be necessary that the prospective jurors be informed as to what the penalty would be for the crime charged. The penalty for the crime of uttering a forged instrument is provided by Section 76–26–4, U.C.A.1953, to be punishment by imprisonment in the state prison for a term of not less than one nor more than 20 years. This statement in and of itself would be meaningless to a juror, for he would not know whether a defendant would serve one year or 20 years.

There are other provisions of the law which have a material bearing on the penalty to which a defendant may be subjected; and to enable a juror to give a fair answer to the question of whether he believes the sentence is too severe, it is necessary that he know more than that a defendant may serve a term in prison of "not less than one nor more than twenty years."

Article VII, § 12, of the Utah Constitution provides for a Board of Pardons and authorizes it to remit fines and forfeitures, commute punishments, and grant pardons, etc. In cases of an indeterminate sentence, a prisoner would serve the maximum term unless the Board sooner released him.

Not only does the Board of Pardons have the power to release a prisoner, but the trial court has a discretion in placing a convicted defendant on probation.[1] The prospective jurors should know these provisions of the law in order to make an intelligent answer.

In explaining the penalty to which the defendant in this case might be subjected, the judge in voir dire examination of the jurors said:

If committed, the possible sentence is 20 years. There are lots of alternatives. If the man is found guilty then it is the duty of the Court to determine what disposition should be made.

The Court could suspend the sentence. The Court could place him on probation, without any other penalty except to report periodically for two years, and to obey all of the laws, or, the Court may attach some penalties to the probation, such as paying a few hundred dollars court costs or serving time in the County jail.

Or the Court might commit the individual and then the Board of Pardons may decide he would be a good citizen if they release him maybe after a year's time, and test him over a period like that, so that we have to know more about the defendant than we know here at this time, to know whether he will be good probational material; in other words, whether he is liable to commit other offenses.

If so, he would probably be committed; if not, then we would try him on probation to see if he could be rehabilitated without going to prison.

Do any of you have any quarrel with that procedure, thinking the Court is too lenient or too strict?

In this particular case do you have the feeling under that situation the possibility of a man serving 20 years, that that is too strict a law and too much time?

If you feel that way about it, raise your hand.

1. Section 77–35–17, U.C.A.1959.

On the question about your concern about the sentence our responsibilities are divided. You determine questions of fact, and the Court will determine the law, and also the disposition to be made, in the event you say Guilty.

Sometimes jurors wonder if they find him guilty whether the Court will commit him, but at the time your decision is given the Court cannot answer that question, because I do not know whether he has any record, or this is the first charge. I wouldn't know if this is the first offense.

I do not know anything about his background with reference to his schooling, his marital status and children he might have, kind of occupation, and so on.

The Court has to check on this information.

In making this explanation the judge only did his duty, and there is nothing to the contention that he committed prejudicial error by doing so.

The defendant cites some cases [2] in support of his claim of error. However, these were cases where the court instructed the jurors in such a way that they may have thought there was a predisposition on the part of the judge to be lenient with the defendant. Here no such instruction was given at all, and the statement made was entirely in the abstract with the purpose of enabling either party to challenge for bias if any there was.

The judgment and sentence of the trial court is affirmed.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, JJ., concur.

---

2. State v. Tennant, 204 Iowa 130, 214 N.W. 708 (1927); Lovely v. United States, 169 F.2d 386 (4th C.C.A. 1948).