Ricky Eugene HALIBURTON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 55038, 55039.

Court of Criminal Appeals of Texas, Panel No. 1.

March 28, 1979.

Dalton C. Gandy, court appointed, Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., Joseph Drago, III, David B. Lobingier and Marvin Collins, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

A joint trial of two separate aggravated robbery indictments arising from the same criminal episode resulted in the conviction of appellant in both cases. The jury assessed punishment at thirty years confinement in each case. Appellant complains that the trial court improperly instructed the jury during the punishment phase that the sentences on both charges would run concurrently. V.T.C.A. Penal Code, Sec. 3.03. We affirm.

Following his convictions in the "guilt-innocence" phase of the trial, appellant elected to go the jury for punishment. While deliberating punishment, the jury sent a written request to the court:

"Will the two sentences run concurrently?"

The court responded in writing as follows:

"In answer to your note which has been identified as C–2, when an accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, as was done in this instance, sentence for each offense for which he has been found guilty shall run concurrently. The answer to your question is 'yes.'"

Appellant objected to the submission of this additional charge to the jury. Appellant raises two grounds of error, both directed toward the supplemental instruction to the jury. Appellant argues that the supplemental charge contained information not proper for jury consideration and, therefore, consideration of concurrent sentencing in the punishment phase denied appellant of the benefit of V.T.C.A. Penal Code, Sec. 3.03. Appellant claims this harm resulted in an unfair trial with the jury returning a more severe penalty than they would have done without the instruction.

Both appellant and the State concede that the issue here presented is one of first impression.

■ Initially, we are concerned with appellant's claim of harm arising from the supplemental instruction. Our examination of the record does not reflect any harm to appellant that might be traced to the additional charge. The record before us shows only that the jury was concerned with concurrent sentencing and requested information from the court. There is no showing that the jury's consideration of the information supplied by the court worked to the detriment of appellant.[1]

Further, we are unable to presume harm in this situation. Knowledge that the sentences would run concurrently is a two-edged sword. The information could have been used to increase the punishment or, just as easily, used to reduce the number of years to avoid excessive punishment. We cannot determine from the record which path the jury took and, with these alternatives, harm will not be presumed.[2]

We now consider the propriety of jury consideration of concurrent sentencing in a fact situation where V.T.C.A. Penal Code, Sec. 3.03 is applicable with the focus being on whether such information is a proper matter for jury consideration. Appellant argues that concurrent sentencing is not a matter to be considered by a jury, comparing to situations involving parole and situations wherein punishment is absolutely fixed by law. If the consideration of concurrent sentencing is proper, then the jury, after retiring to deliberate and upon proper request, should be instructed. On the other hand, if this subject matter is not a proper consideration, then a supplemental instruction would be error. *Allaben v. State,* 418 S.W.2d 517 (Tex.Cr.App.1967).

Appellant argues that his situation presents for our consideration the same reasoning as do the cases involving jury consideration of parole or consideration of punishment absolutely fixed by law. We find the reasoning in neither applicable to the present case.

■ Parole is a matter within the exclusive jurisdiction of the Board of Pardons and Paroles and, as such, is not a matter of concern for a jury. *Williams v. State,* 511 S.W.2d 64 (Tex.Cr.App.1974). Parole then is an executive function, and the jury should not concern itself with executive decision-making.[3] Likewise, punishment that

---

1. In final argument, appellant requested the minimum punishment (five years) while the State asked for fifty years. The jury assessed thirty year terms.

2. See *Alexander v. State,* 482 S.W.2d 862 at 864 (Tex.Cr.App.1972) indicating that if sentences are concurrent, argument by the State that the sentences would run concurrently is harmless.

3. Several jurisdictions permit jury consideration of the laws surrounding length of time served or hold that such information is harmless if in the penalty stage. *Feggins v. State,* 359 N.E.2d 517 (S.Ct.Ind.1977); *Armstrong v. State,* 548 S.W.2d 334 (Tenn.Cr.App.1976); *State v. Canfield,* 26 Utah 2d 149, 486 P.2d 1034 (1971); *Radcliff v. State,* 490 P.2d 1398 (Okl.Cr.App.1971); *Abernathy v. Commonwealth,* 439 S.W.2d 949 (Ky.Ct.App.1969);

is absolutely fixed by law removes from the jury any discretion or consideration in fixing punishment. In such cases, the legislature has fixed the penalty by law, taking the matter from the jury. *Price v. State,* 150 Tex.Cr.R. 161, 199 S.W.2d 168 (1946, On State's Motion for Rehearing). We can find no support from the reasoning in these cases which applies to jury consideration of concurrent sentencing.

Appellant finally argues that the supplemental charge was improper because it denied him the benefit of V.T.C.A. Penal Code, Sec. 3.03. While appellant does not state the nature of the benefit he was denied, the conclusion drawn from appellant's argument suggests that by electing joint trials an appellant is guaranteed a less severe penalty than if the causes were severed. At least, appellant suggests that Sec. 3.03 guarantees him that punishment will be assessed by a jury ignorant of the law. We do not feel that such an advantage is expressed nor may it be implied from the language of Sec. 3.03.

■ To determine the purpose of Sec. 3.03, we turn first to the practice commentary following that section. The language of that commentary indicates that Sec. 3.03 does no more than treat "multiple convictions resulting from prosecution of joined offenses as a single conviction for sentencing purposes." V.T.C.A. Penal Code, Sec. 3.03, practice commentary at p. 77. The purpose of the statute appears to be convenience and efficiency, permitting one trial on the joined counts, and treating the separate offenses as one for sentencing purposes.

■ There is no guarantee in Sec. 3.03 that a joint trial of the offenses will result in a less severe penalty than separate trials of the same offense. We find the only benefit assured appellant by the language of Sec. 3.03 is concurrent sentencing. The

inducement to appellant not to seek a severance of joined offenses is that his risk will be reduced (not eliminated) because the sentencing will be concurrent as opposed to consecutive.[4] Texas Annotated Penal Statutes, Branch's Third Edition, Explanatory Comment following Sec. 3.03 at p. 227.

■ The policy of the law should require juries to make informed and intelligent decisions based on every piece of information legally available.[5] The effect of appellant's argument would exclude information from the jury hoping that in their ignorance the jury would return a less severe punishment. Such a result is not supported by law or logic.

We hold that the trial court did not abuse its discretion by giving the additional charge to the jury, as such charge contained information which was a proper matter for jury consideration.

The judgment is affirmed.

PHILLIPS, Judge, dissenting.

The majority concludes that it is appropriate for Texas juries to consider what the Legislature has decided on *how* defendants, who are tried for consolidated property offenses under V.T.C.A., Penal Code, Sections 3.01 and 3.02, will serve any penalty they assess. The majority is concerned that to rule otherwise would subject juries to deliberations permeated with ignorance and loathsome advantage for convicted criminals. It is not mentioned that the jury has the law on the range of applicable punishment, the evidence surrounding the commission of the offense, and any evidence introduced under the liberal provision of Article 37.07, Section 3(a), V.A.C.C.P. This latter provision permits the introduction of evidence concerning the defendant's prior criminal record, general reputation, and character at the punishment stage. If Tex-

---

State v. Shilow, 252 La. 1105, 215 So.2d 828 (1968); People v. DeBerry, 72 Ill.App.2d 279, 219 N.E.2d 701 (1966).

4. Jury consideration of Sec. 3.03 compares favorably with a court's authority to consider

unadjudicated offenses in the punishment phase. See V.T.C.A. Penal Code, Sec. 12.45.

5. Juries regularly consider probation conditions in appropriate cases. *Gleffe v. State,* 501 S.W.2d 672 (Tex.Cr.App.1973).

as juries are operating with a shortage of relevant information, which I earnestly doubt, then it is for some reason other than their ignorance of Texas law relating to sentencing procedures.

The trial court's supplemental instruction was a technically correct statement of the law. The question is whether the jury should be informed about it. The potential for harm to a convicted defendant from an instruction on V.T.C.A., Penal Code, Section 3.03 is so great that no such instruction should be provided. Rather, the response of the trial court found in *Banks v. State,* 503 S.W.2d 582, should be adopted as standard procedure.

The majority baldly claims the instruction is a double-edged sword, somehow beneficial to both the convicted defendant and the State.

.   .   .   The information could have been used to increase the punishment, or just as easily, used to reduce the number of years to avoid excessive punishment.

.   .   .

Infra at 728.

If anything fails to find support in logic, the latter part of the quoted statement qualifies. The jury picks a number of years as punishment for each cause *based on the evidence before it.* Knowing that the numbers they choose merge into the greatest chosen, there is only an incentive to assure that the controlling number chosen is sufficient to punish the defendant for the multitude of offenses consolidated under Sections 3.01 and 3.02, supra. The fact that the defendant is a multiple offender is before them and is relevant to their determination. How the Legislature determined the assessed penalties should be served is of no concern to them and, again, such information operates only to harm the defendant. The instruction is clearly calculated to harm the accused.

Reliance on cases dealing with jury misconduct in discussing parole laws is misplaced. Such allegations are controlled by the law relating to motions for new trials and the need to prove up allegations advanced in such motions. See Article 40.03,

V.A.C.C.P., and annotations. Here we have a charge to the jury, albeit supplemental, and controlled by Article 36.19, V.A.C.C.P. As stated above and notwithstanding unreasoned assertions to the contrary, the charge at issue here is clearly calculated to injure the rights of the appellant and is reversible. Further, the charge was not a "necessary" one authorized under Article 37.07, Section 3(b), V.A.C.C.P.

Finally, even if not clearly calculated to injure appellant, I believe under the case law relevant to this issue there is a sufficient basis for presuming harm. See *Jewell v. State* (Nos. 58,315–58,321, decided November 29, 1978, rehearing granted January 10, 1979); *Marks v. State,* 144 Tex. Cr.R. 509, 164 S.W.2d 690; *Fletcher v. State,* 137 Tex.Cr.R. 191, 128 S.W.2d 404; *Christian v. State,* 135 Tex.Cr.R. 42, 117 S.W.2d 1094; *Sulak v. State,* 118 Tex.Cr.R. 112, 40 S.W.2d 157; *Billings v. State,* 92 Tex.Cr.R. 628, 245 S.W. 236, 237; *Thompson v. State,* 91 Tex.Cr.R. 234, 237 S.W. 926, 928; *Grider v. State,* 82 Tex.Cr.R. 124, 198 S.W. 579; *Bragg v. State,* 73 Tex.Cr.R. 340, 166 S.W. 162; *Robbins v. State,* 57 Tex. Cr.R. 8, 121 S.W. 504. The appellant did not receive the minimum, thereby precluding a conclusion of harm. *McCoy v. State,* 122 Tex.Cr.R. 298, 54 S.W.2d 530; *Ramirez v. State,* 43 Tex.Cr.R. 455, 66 S.W. 1101; *Brown v. State,* 62 Tex.Cr.R. 592, 138 S.W. 604; *Green v. State,* 66 Tex.Cr.R. 446, 147 S.W. 593; *Clark v. State,* 78 S.W. 1078 (Tex.Cr.App.).

In conclusion, the jury should not be authorized to negate legislated procedural rules by being advised what the effect of the rules will be on their decisions. In return for permitting the State to consolidate offenses against property, the Legislature decided that a quid pro quo of concurrent sentences was in order. The jury still has the evidence of the accused being a multiple offender before it, as well as the other evidence mentioned, and is not wallowing in the darkness of ignorance without an instruction on the law of Section 3.03, supra.

Believing the instruction complained of was calculated to injure the appellant's rights to fair determination of the appropriate penalty and, in the alternative, that harm is present, the judgment should be reversed.