NO. 07-01-0431-CR
NO. 07-01-0432-CR
NO. 07-01-0433-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 9, 2002

_____


DERRICK L. SALTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 209TH DISTRICT COURT OF HARRIS COUNTY;

NOS. 815665, 815666, 815667; HONORABLE MICHAEL MCSPADDEN, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this consolidated appeal, appellant Derrick L. Salter challenges three convictions asserting a single point of error. He argues he was denied reasonably effective assistance of counsel in violation of his Sixth Amendment constitutional right to such assistance. His argument is based on his trial attorney's failure to object to the trial court's statements to

the jury panel regarding whether any sentences would run concurrently or consecutively. We affirm.

A brief recitation of the facts of the underlying offenses is helpful to understand the issue presented. In the early evening of December 31, 1998, David Bodden (Bodden) and Beatriz Casas (Casas), coworkers at Ace Cash Express, were just leaving work when they were approached by two masked and armed men. The men forced both employees into Casas's car, drove away from the store and said they intended to rob the store. They obtained a store key and safe combination from the victims and returned to the store. The men threatened both employees with injury.

Bodden suggested that he enter the store and open the safe. Once inside, Bodden locked the door and called the police. The men left with Casas, taking Bodden's car, which contained his wallet and mobile phone. Casas was transferred to a station wagon, where she was raped by one of the men while the other drove the car. She was released naked in a field and made her way to a nearby house. Using telephone records for calls made from Bodden's mobile phone that night and DNA evidence obtained from Casas, police identified appellant, arrested him and charged him with aggravated robbery, aggravated kidnapping, and aggravated sexual assault.

Appellant pled not guilty in each case and all three cases were tried jointly to a jury in May 2001. The jury rejected the testimony of appellant's alibi witnesses and convicted him of all three offenses. The jury assessed punishment at confinement for 40 years for

2

the sexual assault, 25 years for kidnapping, and 25 years for the robbery. The judgment in each case recites that the sentence is to be served concurrently with any other sentence. Appellant filed a timely notice of appeal and now asserts a single point of error in challenge of each conviction.

Appellant's complaint is based on trial counsel's failure to object to the trial court's response to a question from a member of the venire inquiring whether the sentences imposed in each case would be cumulative or not. He argues this single error amounted to ineffective assistance of counsel.

The standard by which we are to review claims of ineffectiveness of trial counsel is that set out in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show that trial counsel was ineffective, a claimant must establish two elements: 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

The first component is met by showing that trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. *Id.* The second component necessitates a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, *i.e.*, a trial whose result is reliable. *Id.* A claimant must show that, but for counsel's errors, the result

of the proceeding would have been different. *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* When reviewing a claim of ineffective assistance, we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S. W.2d 768, 771 (Tex.Crim.App. 1994). The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* The defendant asserting ineffective assistance must present a record with evidence of the reason/reasons that the alleged ineffective assistance actions or omissions were not trial strategy. The defendant must prove that counsel's errors, judged by the totality of the representation and not by isolated instances of error or by only a portion of trial, denied him a fair trial. *Strickland,* 466 U.S. at 695.

As noted above, during voir dire, a venire member asked whether any sentences would be served consecutively or not. The prosecutor responded that it was not an issue for the jury's consideration and should not be considered. The court also stated it was not a factor to be considered by the jury and the issue would be decided by the court. No objection was made to the response of the prosecutor or the court. During deliberations, the jury sent out a note posing the same question. The court responded that it would make that decision.

Appellant now contends the responses provided during voir dire misstated the applicable law set out in section 3.03 of the Penal Code, which requires sentences

4

imposed in joint trials to be served concurrently subject to specific exceptions. In support he cites *Haliburton v. State*, 578 S.W.2d 726 (Tex.Crim.App. 1979), which held it was not an abuse of discretion for a court to instruct a jury that sentences in a joint trial would be served concurrently. *Id.* at 729. We do not agree this holding supports appellant's conclusion that the failure to give such an instruction is error. A footnote by Judge Clinton in *Gordon v. State*, 633 S.W.2d 872 (Tex.Crim.App. 1982), offers support for withholding such an instruction on the rationale that it is not a proper issue for the jury to consider. *Id.* at 879, n.16. Under the applicable case law, we cannot agree that the failure to object was deficient performance.

Moreover, appellant has failed to overcome the presumption that counsel's decision not to object was sound trial strategy. By allowing the jury to believe the sentences may be served sequentially, rather than concurrently, trial counsel may have felt that the jury would be less likely to impose punishment near the maximum for each offense. While we may not speculate as to the jury's mental process in reaching its verdict, trial counsel may, and it is appellant's burden to show the decision could not be the result of sound trial strategy. Appellant has failed to establish that trial counsel's performance was deficient. We need not consider the second prong of the test set out in *Strickland*. We overrule appellant's sole issue and affirm the judgments of the trial court.

John T. Boyd
Chief Justice

5

Do not publish.