NO. 07-04-0003-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 27, 2004



______________________________




BETTY ANN NEWBY, APPELLANT



V.



THE ESTATE OF FREDRICK WINSTON PERRY, DECEASED, APPELLEE




_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 35,625; HONORABLE JACK YOUNG, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Betty Ann Newby, proceeding pro se, filed a notice of appeal, received by
this court on January 2, 2004, stating that she was appealing an order dated October 2,
2003, dismissing a bill of review with prejudice. The notice indicates that she filed a motion
for new trial on October 31, 2003. Ms. Newby did not pay the filing fee of $125 for the
appeal or submit an affidavit of indigence pursuant to Rule 20.1 of the Rules of Appellate
Procedure. 

 By letter dated January 6, 2004, the clerk of this court notified Ms. Newby that the
filing fee had not been paid, and that failure to pay it could result in dismissal. She
responded with a motion requesting this court extend the time for her to pay the filing fee
to February 3, 2004. The motion did not contain any facts to reasonably explain the need
for an extension. Tex. R. App. P. 10.5(b)(1)(C). Her motion was denied on February 6,
2004, and having received no fee by that date, we directed her by letter to pay the filing fee
on or before February 17, 2004. The letter again advised her that failure to pay the filing
fee could result in the appeal being dismissed. Tex. R. App. P. 42.3(c).

 Ms. Newby is not excused by statute or the Rules of Appellate Procedure from
paying costs. Tex. R. App. P. 5. Despite more than reasonable opportunities to do so, she
has failed to comply with the requirement that she pay the filing fee this court is obligated
to collect, and with this court's orders with respect to the filing fee. All parties having had
more than ten days' notice that dismissal could result from appellant's continued failure to
comply with the rules and this court's orders, the appeal is dismissed. Tex. R. App. P. 5,
42.3(c).


 James T. Campbell

 Justice 



ony of appellant's alibi witnesses and convicted
him of all three offenses. The jury assessed punishment at confinement for 40 years for
the sexual assault, 25 years for kidnapping, and 25 years for the robbery. The judgment
in each case recites that the sentence is to be served concurrently with any other
sentence. Appellant filed a timely notice of appeal and now asserts a single point of error
in challenge of each conviction. 

 Appellant's complaint is based on trial counsel's failure to object to the trial court's
response to a question from a member of the venire inquiring whether the sentences
imposed in each case would be cumulative or not. He argues this single error amounted
to ineffective assistance of counsel.

 The standard by which we are to review claims of ineffectiveness of trial counsel is
that set out in the seminal case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show that trial counsel was
ineffective, a claimant must establish two elements: 1) his counsel's performance was
deficient, and 2) the deficient performance prejudiced the defense. Strickland, 466 U.S.
at 687. 

 The first component is met by showing that trial counsel made errors so significant
that he was not functioning as the counsel guaranteed by the Sixth Amendment to the
United States Constitution. Id. The second component necessitates a showing that
counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial
whose result is reliable. Id. A claimant must show that, but for counsel's errors, the result
of the proceeding would have been different. Id. at 694. A reasonable probability is one
sufficient to undermine confidence in the outcome. Id. When reviewing a claim of
ineffective assistance, we indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance. Jackson v. State, 877 S. W.2d 768,
771 (Tex.Crim.App. 1994). The defendant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. Id. The
defendant asserting ineffective assistance must present a record with evidence of the
reason/reasons that the alleged ineffective assistance actions or omissions were not trial
strategy. The defendant must prove that counsel's errors, judged by the totality of the
representation and not by isolated instances of error or by only a portion of trial, denied
him a fair trial. Strickland, 466 U.S. at 695. 

 As noted above, during voir dire, a venire member asked whether any sentences
would be served consecutively or not. The prosecutor responded that it was not an issue
for the jury's consideration and should not be considered. The court also stated it was not
a factor to be considered by the jury and the issue would be decided by the court. No
objection was made to the response of the prosecutor or the court. During deliberations,
the jury sent out a note posing the same question. The court responded that it would make
that decision.

 Appellant now contends the responses provided during voir dire misstated the
applicable law set out in section 3.03 of the Penal Code, which requires sentences
imposed in joint trials to be served concurrently subject to specific exceptions. In support
he cites Haliburton v. State, 578 S.W.2d 726 (Tex.Crim.App. 1979), which held it was not
an abuse of discretion for a court to instruct a jury that sentences in a joint trial would be
served concurrently. Id. at 729. We do not agree this holding supports appellant's
conclusion that the failure to give such an instruction is error. A footnote by Judge Clinton
in Gordon v. State, 633 S.W.2d 872 (Tex.Crim.App. 1982), offers support for withholding
such an instruction on the rationale that it is not a proper issue for the jury to consider. Id.
at 879, n.16. Under the applicable case law, we cannot agree that the failure to object was
deficient performance. 

 Moreover, appellant has failed to overcome the presumption that counsel's decision
not to object was sound trial strategy. By allowing the jury to believe the sentences may
be served sequentially, rather than concurrently, trial counsel may have felt that the jury
would be less likely to impose punishment near the maximum for each offense. While we
may not speculate as to the jury's mental process in reaching its verdict, trial counsel may,
and it is appellant's burden to show the decision could not be the result of sound trial
strategy. Appellant has failed to establish that trial counsel's performance was deficient. 
We need not consider the second prong of the test set out in Strickland. We overrule
appellant's sole issue and affirm the judgments of the trial court.


 John T. Boyd

 Chief Justice


Do not publish.