Affirmed and Opinion filed May 17, 2005









Affirmed and Opinion filed May 17, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01247-CR

NO.
14-03-01248-CR

       ____________

 

KASY LEE MOSLEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause Nos. 915,838
& 915,839

 



 

O P I N I O N








Appellant Kasy Lee Mosley was charged by
indictment with the offenses of aggravated sexual assault and robbery.  Appellant pled guilty to both charges and
elected to have the jury assess punishment. 
The jury assessed punishment at twenty-five years= imprisonment for
aggravated sexual assault and twenty years= imprisonment for
robbery, to run concurrently, and  to be
served in the Texas Department of Criminal Justice, Institutional
Division.  Asserting two points of error,
appellant contends: (1) the trial court erred when it failed to include
required statutory language concerning good conduct in the aggravated sexual
assault jury charge; and (2) the trial court erred when it gave an improper
supplemental charge to the jury in response to a jury question during
deliberations when such charge was not necessary to the jury=s resolution of
the issues and resulted in prejudice.  We
affirm.  

Background

On the evening of June 21, 2002, appellant
and his friend approached two young men, the complainants, outside a movie
theater and asked for directions.  After
a brief conversation, appellant and his friend began hitting, kicking, and
choking the complainants.  Appellant and
his friend ordered the complainants to surrender their wallets and car keys and
threatened to shoot them if they did not comply.  The complainants were forced into a pickup
truck, and for the next few hours, were driven to numerous ATM machines and
required to withdraw money.  Meanwhile,
appellant threatened to kill the complainants unless they performed oral sex on
one another, and they complied.  After
several withdrawals from the ATM machine, the bank denied any further
withdrawals from the account.  The
complainants were then driven to an undeveloped subdivision, ordered out of the
vehicle, and listened to appellant and his friend contemplate whether they
would be murdered.  Shortly thereafter,
the complainants were ordered back into the vehicle where one of them was
forced to perform oral sex on appellant. 


Thereafter, one of the complainants, in an
attempt to escape, told the attackers he could get into a safe at a local
grocery store.  Appellant=s friend drove
appellant and the complainants back to the movie theater, dropped them off, and
left.  Appellant rode with the complainants
in one of their cars to the grocery store. 
Upon their arrival, the complainant who conjured up the plan entered the
store while appellant and the other complainant waited.  Once inside, the complainant called the
police.  The police arrived soon
thereafter and arrested appellant.                    

 

 








I.   Jury Charge Error

A.      Is
There Error in the Charge? 

In his first point of error, appellant
contends the trial court erred during the punishment stage because the
aggravated sexual assault charge failed to instruct the jury on good conduct
language required by statute.  See Tex. Code Crim. Proc. Ann. art. 37.07, ' 4(a) (Vernon
Supp. 2004).  Texas Code of Criminal
Procedure article 37.07, section 4(a) requires a trial court to include a jury
instruction on parole eligibility and good conduct time in cases where the
punishment is to be assessed by the jury and the convicted offense is listed in
article 42.12, section 3g(a)(1). 
Appellant=s conviction for aggravated sexual assault
falls into this category.  See Tex. Code Crim. Proc. Ann. art. 42.12, ' 3g(a)(1)(E)
(Vernon Supp. 2004); Tex. Pen. Code Ann.
' 22.021 (Vernon
2003).  The trial court is bound to
comply with mandatory language of a statute. 
Edwards v. State, 10 S.W.3d 699, 702 (Tex. App.CHouston [14th
Dist.] 1999), pet. dism=d, improvidently
granted, 67 S.W.3d 228 (Tex. Crim. App. 2002) (per curiam).  

The jury charge mandated by 37.07, section
4(a) is as follows:[1]

Under the law applicable in this
case, the
defendant, if sentenced to a term of imprisonment, may earn time off the period
of incarceration imposed through the award of good conduct time.  Prison authorities may award good conduct
time to a prisoner who exhibits good behavior, diligence in carrying out prison
work assignments, and attempts at rehabilitation.  If a prisoner engages in misconduct, prison
authorities may also take away all or part of any good conduct time earned by
the prisoner.   

[i]t is also possible that the
length of time for which the defendant will be imprisoned might be reduced by
the award of parole.  








Under the
law applicable in this case, if the defendant is sentenced to a term of
imprisonment, he will not become eligible for parole until the actual time
served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time
he may earn.  If the defendant is
sentenced to a term of less than four years, he must serve at least two years
before he is eligible for parole.  Eligibility
for parole does not guarantee that parole will be granted.  

It cannot be
accurately predicted how the parole law and good conduct time might be applied to this defendant
if he is sentenced to a term of imprisonment, because the application of these
laws will depend on decisions made by prison and parole authorities.  

You may
consider the existence of the parole law and good conduct time.  However, you are not to consider the
extent to which good conduct time may be awarded to or forfeited by this
particular defendant.  You are not to
consider the manner in which the parole law may be applied to this
particular defendant.     

See Tex. Code Crim. Proc. Ann. art. 37.07, ' 4(a) (Vernon
Supp. 2004).  Because the jury charge
omitted some of the mandatory language in article 37.07, section 4(a), an error
occurred.  See Luquis v. State, 72
S.W.3d 355, 363 (Tex. Crim. App. 2002).       


B.      Harm Analysis   

Because appellant failed to object to the excluded good
conduct language, we may reverse only if appellant was so egregiously harmed
that he did not receive a fair and impartial trial.  See Jimenez v. State, 32 S.W.3d 233,
236B39 (Tex. Crim.
App. 2000); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1984).  We assess harm in light of the
entire jury charge, the state of the evidence, the argument of counsel, and any
other relevant information revealed by the record as a whole.  See Almanza, 686 S.W.2d at 171. 








Appellant contends the error resulted in a
substantial probability that members of the jury misunderstood the law because,
unlike the aggravated sexual assault charge, the robbery charge specifically
provided that the minimum calculation for parole eligibility would include
actual time served plus good conduct time.  Appellant argues the jury was left with the
strong and incorrect inference that good conduct time would affect the
calculation of his sentence because the aggravated sexual assault charge did not
affirmatively tell the jury good conduct time would not be counted.  Further, appellant argues the jury was
clearly concerned with the actual amount of time he would serve given that they
asked whether the sentences would run consecutively or concurrently.  Appellant contends the trial court=s response to the
jury that the sentences would run concurrently only compounded the injury.  We disagree. 

The court=s charge in the
application paragraphs for robbery and aggravated sexual assault instructs the
jury not to consider the manner in which the parole law may be applied to this
particular defendant.  Absent evidence to
the contrary, we must presume the jury followed and understood these
instructions.  See Williams v. State,
937 S.W.2d 479, 490 (Tex. Crim. App. 1996); Hutch v. State, 922 S.W.2d
166, 170 (Tex. Crim. App. 1996); Cf. Stokes v. State, 74 S.W.3d 48, 51
(Tex. App.CTexarkana 2002, pet. ref=d) (holding
appellant was not egregiously harmed because the charge instructed the jury not
to discuss the potential amount of jail time). 
Neither the prosecutor nor defense attorney discussed good conduct time
or urged the jury to assess a greater or lesser sentence based upon any
potential good conduct time credit; and the jury did not send out any notes
indicating or expressing confusion about the possible application of good
conduct time to appellant.  Because we
presume the jury followed the jury charge instructions, the jury did not
consider application of parole law in reaching a punishment decision.  

While it was error to include only a part
of the mandatory 37.07, section 4(a) instruction in the charge, the unique
status of appellant=s conviction of aggravated sexual assault
precludes a finding of harm.  A defendant
convicted of aggravated sexual assault under Texas Penal Code section 22.011
does not accrue good conduct time for purposes of release on mandatory
supervision.  See Tex. Gov=t Code Ann. ' 508.149(a)(8) (Vernon 2004).  Accordingly, omitting a portion of the mandatory
charge relating to good conduct time constituted a correct statement of
appellant=s incarceration status.  Appellant was not harmed.








Similarly, nothing in the record reflects
that appellant was harmed by the un-objected-to jury instruction.  The punishment for aggravated sexual assault
ranges between five to 99 years or life and a fine of no more than
$10,000.  Tex. Pen. Code Ann. ' 12.32 (Vernon
2003).  Even in light of appellant=s egregious
conduct for which he was convicted, he nevertheless received twenty-five years= imprisonment, a
sentence at the lower end of the punishment range.  Under these circumstances, we cannot conclude
appellant suffered egregious harm.  We
overrule appellant=s first point of error.

II.   Jury Instruction on Concurrent Sentencing  

In his second point of error, appellant
contends the trial court erred by giving an improper supplemental charge to the
jury.  Specifically, appellant asserts
the court=s response to a jury question during
deliberations was not necessary to the jury=s resolution of
the issues and resulted in prejudice.  

During punishment deliberations, the jury
sent a note to the judge stating, A[n]otwithstanding
what we find as appropriate punishment (i.e. imprisonment or probation),
would the sentences run concurrently for the two charges?@  The trial judge=s response stated
in writing,A[t]he answer to your question is yes.  Please continue your deliberations.@  The jury subsequently assessed appellant=s punishment at
twenty-five years= imprisonment for aggravated sexual
assault and twenty years= imprisonment for robbery.  Appellant argues the trial judge=s response to the
jury note was not necessary and resulted in prejudice.    

In Haliburton v. State, the Court
of Criminal Appeals held there was no harm and no abuse of discretion when the
trial court submitted an instruction informing the jury that sentences would
run concurrently.  578 S.W.2d 726, 728B29 (Tex. Crim.
App. [Panel Op.] 1979).  In McGowan v.
State, the Court of Criminal Appeals held appellant demonstrated no harm
when the trial court informed the jury the sentences would run concurrently
because the sentences did in fact run concurrently.  664 S.W.2d 355, 358B59 (Tex. Crim.
App. 1984).  In holding there was no
harm, the court stated   

     Our
examination of the record does not reflect any harm to appellant that might be
traced to the additional charge.  The
record before us shows only that the jury was concerned with concurrent
sentencing and requested information from the court.  There is no showing that the jury=s consideration of the information supplied by the
court worked to the detriment of appellant. (footnote omitted). 








     Further, we are unable to presume harm in
this situation.  Knowledge that the
sentence would run concurrently is a two-edged sword, the information could
have been used to increase the punishment or, just as easily, used to reduce
the number of years to avoid excessive punishment.  We cannot determine from the record which
path the jury took and, with these alternatives, harm will not be presumed.
(footnote omitted).

 

McGowan, 664 S.W.2d at
359 (quoting Haliburton, 578 S.W.2d at 728). 

As in Haliburton and McGowan, the charge in
this case instructed the jury that sentences would run concurrently and this is
precisely how appellant was sentenced. 
Detriment to appellant will not be presumed in the absence of any
demonstrable harm.  See McGowan,
644 S.W.2d at 359 (citing Haliburton, 578 S.W.2d at 728).  Thus, appellant has not demonstrated any
error warranting a reversal of the trial court=s judgment.  See  Tex.
Code Crim. Proc. Ann. art. 36.19 (Vernon 1981).  Accordingly, we overrule appellant=s second point of
error. 

We affirm the judgment of the trial court.          

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered and Opinion filed May 17, 2005.

Panel consists of Justices Anderson, Hudson, and
Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  The actual
language included in appellant=s jury charge is in bold; the omitted 37.07, section 4
language is in italics.