NO. 07-07-0071-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 7, 2007


 ______________________________



ROQUE ARANDA, APPELLANT



V.



D. GLENN, LAW LIBRARIAN II, ET AL., APPELLEES


_________________________________



POTTER COUNTY, HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Roque Aranda, filed a notice of appeal from a Prefiling Order - Vexatious
Litigant, entered February 14, 2007. The clerk's record was filed on March 6, 2007, and
there is not a reporter's record per the docketing statement filed by appellant. By letter
dated July 3, 2007, the clerk of this court notified appellant that his brief was due June 4,
2007, but had yet to be filed. See Tex. R. App. P. 38.6(a). The letter further advised
appellant that the appeal would be subject to dismissal for want of prosecution if the brief,
or a response reasonably explaining the failure to file a brief and showing that appellees
had not been injured by the delay, was not filed by July 13, 2007. No brief, motion for
extension, or other response has been received.

 Accordingly, we now dismiss the appeal for want of prosecution and failure to
comply with a directive of the court. See Tex. R. App. P. 38.8(a)(1), 42.3(b), (c). 


 Mackey K. Hancock

 Justice



They
obtained a store key and safe combination from the victims and returned to the store. The
men threatened both employees with injury. 

 Bodden suggested that he enter the store and open the safe. Once inside, Bodden
locked the door and called the police. The men left with Casas, taking Bodden's car,
which contained his wallet and mobile phone. Casas was transferred to a station wagon,
where she was raped by one of the men while the other drove the car. She was released
naked in a field and made her way to a nearby house. Using telephone records for calls
made from Bodden's mobile phone that night and DNA evidence obtained from Casas,
police identified appellant, arrested him and charged him with aggravated robbery,
aggravated kidnapping, and aggravated sexual assault. 

 Appellant pled not guilty in each case and all three cases were tried jointly to a jury
in May 2001. The jury rejected the testimony of appellant's alibi witnesses and convicted
him of all three offenses. The jury assessed punishment at confinement for 40 years for
the sexual assault, 25 years for kidnapping, and 25 years for the robbery. The judgment
in each case recites that the sentence is to be served concurrently with any other
sentence. Appellant filed a timely notice of appeal and now asserts a single point of error
in challenge of each conviction. 

 Appellant's complaint is based on trial counsel's failure to object to the trial court's
response to a question from a member of the venire inquiring whether the sentences
imposed in each case would be cumulative or not. He argues this single error amounted
to ineffective assistance of counsel.

 The standard by which we are to review claims of ineffectiveness of trial counsel is
that set out in the seminal case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show that trial counsel was
ineffective, a claimant must establish two elements: 1) his counsel's performance was
deficient, and 2) the deficient performance prejudiced the defense. Strickland, 466 U.S.
at 687. 

 The first component is met by showing that trial counsel made errors so significant
that he was not functioning as the counsel guaranteed by the Sixth Amendment to the
United States Constitution. Id. The second component necessitates a showing that
counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial
whose result is reliable. Id. A claimant must show that, but for counsel's errors, the result
of the proceeding would have been different. Id. at 694. A reasonable probability is one
sufficient to undermine confidence in the outcome. Id. When reviewing a claim of
ineffective assistance, we indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance. Jackson v. State, 877 S. W.2d 768,
771 (Tex.Crim.App. 1994). The defendant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. Id. The
defendant asserting ineffective assistance must present a record with evidence of the
reason/reasons that the alleged ineffective assistance actions or omissions were not trial
strategy. The defendant must prove that counsel's errors, judged by the totality of the
representation and not by isolated instances of error or by only a portion of trial, denied
him a fair trial. Strickland, 466 U.S. at 695. 

 As noted above, during voir dire, a venire member asked whether any sentences
would be served consecutively or not. The prosecutor responded that it was not an issue
for the jury's consideration and should not be considered. The court also stated it was not
a factor to be considered by the jury and the issue would be decided by the court. No
objection was made to the response of the prosecutor or the court. During deliberations,
the jury sent out a note posing the same question. The court responded that it would make
that decision.

 Appellant now contends the responses provided during voir dire misstated the
applicable law set out in section 3.03 of the Penal Code, which requires sentences
imposed in joint trials to be served concurrently subject to specific exceptions. In support
he cites Haliburton v. State, 578 S.W.2d 726 (Tex.Crim.App. 1979), which held it was not
an abuse of discretion for a court to instruct a jury that sentences in a joint trial would be
served concurrently. Id. at 729. We do not agree this holding supports appellant's
conclusion that the failure to give such an instruction is error. A footnote by Judge Clinton
in Gordon v. State, 633 S.W.2d 872 (Tex.Crim.App. 1982), offers support for withholding
such an instruction on the rationale that it is not a proper issue for the jury to consider. Id.
at 879, n.16. Under the applicable case law, we cannot agree that the failure to object was
deficient performance. 

 Moreover, appellant has failed to overcome the presumption that counsel's decision
not to object was sound trial strategy. By allowing the jury to believe the sentences may
be served sequentially, rather than concurrently, trial counsel may have felt that the jury
would be less likely to impose punishment near the maximum for each offense. While we
may not speculate as to the jury's mental process in reaching its verdict, trial counsel may,
and it is appellant's burden to show the decision could not be the result of sound trial
strategy. Appellant has failed to establish that trial counsel's performance was deficient. 
We need not consider the second prong of the test set out in Strickland. We overrule
appellant's sole issue and affirm the judgments of the trial court.


 John T. Boyd

 Chief Justice


Do not publish.