

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————————

No. 06-10-00034-CR

———————————————

ISAIAH LUERA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. F13868

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Isaiah Luera appeals his conviction by a jury for two counts of aggravated sexual assault of a child. The State alleged, on or about November 22, 2007, Luera penetrated both the sexual organ and anus of R.C., a five-year-old girl, with his sexual organ. The jury found Luera guilty. During deliberations on punishment, the jury sent the trial court a note which asked, "Will sentences be served consecutively?" The trial court in the presence of the defendant, the defense counsel, and the prosecutor stated, "I've answered simply, 'No.' Signed William R. Porter, Judge Presiding. Any objection?" Defense counsel stated, "None from the Defense." The jury assessed a sentence of sixty years' imprisonment for each count and the trial court sentenced Luera consistent with the jury's assessment.

Luera's sole issue on appeal is that the trial court's response to the jury note "constituted an improper supplemental jury charge that re-emphasized the impact of parole law on any sentence assessed by the jury." In analyzing a jury charge complaint, our review of the charge is under the *Almanza* standard. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). We first determine whether error exists in the charge and, then, if there was error, whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). The standard of review for errors in the jury charge depends on whether the defendant properly objected. *Almanza*, 686 S.W.2d at 171. If a defendant does not object to the charge, reversal is required only if the harm is so egregious that the defendant has not had a fair

2

and impartial trial. *Id.* An affirmative denial of objection, as in this case, "shall be deemed equivalent to a failure to object" for the purposes of an *Almanza* review and, if there was error in the jury charge, the error should be reviewed for egregious harm. *See Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004); *Hines v. State*, 269 S.W.3d 209, 220 (Tex. App.—Texarkana 2008, pet. dism'd, untimely filed, pet. ref'd [2 pets.]).

The Texas Court of Criminal Appeals has held that a trial court does not err in giving an additional instruction concerning whether sentences will run concurrently. *Haliburton v. State*, 578 S.W.2d 726, 729 (Tex. Crim. App. [Panel Op.] 1979); *Dickson v. State*, 986 S.W.2d 799, 804 (Tex. App.—Waco 1999, pet. ref'd); *see Gordon v. State*, 633 S.W.2d 872, 879 (Tex. Crim. App. [Panel Op.] 1982). We note that unlike *Haliburton*, the sentences in this case could have been consecutive. The sentences, though, were ultimately concurrent and there is no suggestion in the record that anyone anticipated the sentences would be consecutive.

The Texas Penal Code provides that sentences for aggravated sexual assault of a child less than seventeen years of age may run concurrently or consecutively. Act of May 27, 2007, 80th Leg., R.S., ch. 1291, § 6, 2007 Tex. Gen. Laws 4349, 4350 (amended 2009) (current version at TEX. PENAL CODE ANN. § 3.03 (Vernon Supp. 2009)).[1] We note the judgment does not specify whether the sentences will run concurrently or consecutively. The record does not contain any cumulation order. If a trial court does not specifically order the sentences to run consecutively

---

[1]This statute was amended by the 81st Texas Legislature effective September 1, 2009. Because the offenses were committed prior to September 1, 2009, the version of Section 3.03 in effect at the time of the offenses governs this case.

when sentence is pronounced, the sentences automatically run concurrently. *Ex parte Iglehart*, 535 S.W.2d 185, 187 (Tex. Crim. App. 1976). Therefore, the sentences will run concurrently.

In a memorandum opinion, the Austin Court of Appeals held there was no error in instructing the jury the sentences would run concurrently. *Kincheon v. State*, No. 03-07-00180-CR, 2008 Tex. App. LEXIS 1130 (Tex. App.—Austin Feb. 13, 2008, no pet.) (mem. op., not designated for publication) (three counts aggravated sexual assault of a child and three counts of indecency with a child).[2] In *Kincheon*, similar to this case, the sentences could have run consecutively or concurrently. *Id*. The trial court "advised the parties and instructed the jury that the sentences would run concurrently and, indeed, that is how appellant was sentenced." *Id*. at *4. In this case, the trial court instructed the jury without objection that the sentences would run concurrently and the defendant was sentenced consistent with that instruction.

Luera argues the trial court's response "highlighted" the effect of "the parole law charge to the detriment of the defendant." Luera claims the response decreased the possibility of a lesser sentence. This is precisely the argument rejected by the Texas Court of Criminal Appeals in *Haliburton*. The court stated, "The effect of appellant's argument would exclude information from the jury hoping that in their ignorance the jury would return a less severe punishment." *Haliburton*, 578 S.W.2d at 729. Based on a policy that "the law should require juries to make

---

[2] While unpublished, or memorandum, opinions are not binding precedent, such opinions may be considered as persuasive authority.

informed and intelligent decisions based on every piece of information available," a trial court does not abuse its discretion in giving an additional instruction on whether the sentences should run concurrently. *Id.* at 729; *see Dickson*, 986 S.W.2d at 804. We find the reasoning of *Kincheon* persuasive. The trial court did not err in giving the additional instruction to the jury under the circumstances of this case.

Further, even if the trial court erred, the record does not indicate there was egregious harm. If the jury charge error was not preserved, reversal is not required unless "the error is so egregious and created such harm that he 'has not had a fair and impartial trial'--in short 'egregious harm.'" *Almanza*, 686 S.W.2d at 171; *see Rudd v. State*, 921 S.W.2d 370, 373 (Tex. App.—Texarkana 1996, pet. ref'd). "Egregious harm" consists of errors that affect the very basis of the case or that deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive. *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). The degree of harm demonstrated by an appellant must be actual, not merely theoretical. *Almanza*, 686 S.W.2d at 174. In *Haliburton*, the Texas Court of Criminal Appeals reasoned:

> Knowledge that the sentences would run concurrently is a two-edged sword. The information could have been used to increase the punishment or, just as easily, used to reduce the number of years to avoid excessive punishment. We cannot determine from the record which path the jury took and, with these alternatives, harm will not be presumed.

578 S.W.2d at 728; *see McGowan v. State*, 664 S.W.2d 355, 358 (Tex. Crim. App. 1984) (no harm). Although egregious harm is theoretically possible, the harm must be actual. Similar to *Haliburton* and *McGowan*, we will not presume Luera suffered egregious harm. We overrule Luera's sole point of error.

For the reasons stated, we affirm.


                                        Bailey C. Moseley
                                        Justice


Date Submitted:     July 15, 2010
Date Decided:       July 21, 2010

Do Not Publish