

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00500-CR

Chadwick **BENJAMIN** a/k/a Chad Anthony Benjamin,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 396th District Court, Tarrant County, Texas
Trial Court No. 1239333D
The Honorable George William Gallagher, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  September 25, 2013

AFFIRMED

Appellant Chadwick Benjamin a/k/a Chad Anthony Benjamin lodges two complaints concerning the punishment phase of his trial for aggravated robbery: (1) the State improperly commented on his right not to testify at trial and (2) the trial court erred in giving the jury an additional instruction regarding sentencing.  We affirm the judgment of the trial court.

### BACKGROUND

Benjamin was charged with, and the jury found him guilty of, two counts of armed robbery. At the punishment stage, the State introduced evidence that Benjamin was previously arrested for

the offense of driving while intoxicated after he was apprehended fleeing from the scene of an automobile accident. The testimony of two patrol officers was offered, as well as the police dash-cam video recording of the arrest. During closing arguments, defense counsel reminded the jury that the DWI case was pending and that Benjamin "still deserves the presumption of innocence. He hasn't had a chance to try to defend himself against that case." In rebuttal, the prosecutor stated: "I want to talk a little bit about the DWI case. It is just a misdemeanor case. I want to - - first of all, he did have the chance to defend himself. His attorneys were there, they had the chance to cross-examine those officers. You saw the video. He couldn't even walk." No objection was lodged and the State continued its closing argument.

During deliberations, the jury sent a note to the court, asking, "Will these sentences run concurrently, or is it the expectation that these will be sequential, or is that within our control?" Over objection by the defense, the trial court responded, "Members of the jury, in response to your note, since these counts were tried together, the law requires any sentence imposed to run concurrently. Please continue your deliberations." The jury assessed punishment at fifty years' imprisonment for each count.

## DISCUSSION

Benjamin first argues that the prosecutor's argument that Benjamin had the opportunity to defend himself was an improper comment on his decision not to testify. Trial counsel, however, made no objection to this argument at the time it was made. Accordingly, any alleged error in the argument has been waived. *See* TEX. R. APP. P. 33.1; *Young v. State*, 137 S.W.3d 65, 69-70 (Tex. Crim. App. 2004). Benjamin's first issue is overruled.

Benjamin next contends that the trial court's instruction to the jury that his sentences would run concurrently constitutes reversible error. We believe that *Haliburton v. State*, 578 S.W.2d 726 (Tex. Crim. App. [Panel Op.] 1979), is controlling. In *Haliburton*, the appellant was convicted of

two counts of aggravated robbery. *Id*. at 727. While deliberating on punishment, the jury sent a note to the trial judge asking whether Haliburton's two sentences would run concurrently. *Id*. at 727-28. The judge responded in the affirmative. *Id.* at 728. On appeal, Haliburton claimed that he was harmed by the trial court's response. *Id.* A majority of the Texas Court of Criminal Appeals held that a trial court does not err in giving an additional instruction informing the jury that sentences will run concurrently. *Id.* at 729; *Strong v. State*, 138 S.W.3d 546, 557 (Tex. App.—Corpus Christi 2004, no pet.); *see Gordon v. State*, 633 S.W.2d 872, 879 (Tex. Crim. App. [Panel Op.] 1982). Based on a policy that "the law should require juries to make informed and intelligent decisions based on every piece of information legally available," a trial court does not abuse its discretion in giving an additional instruction on whether the sentences should run concurrently when the law requires the sentences to be concurrent. *Haliburton*, 578 S.W.2d at 729. Here, the sentences were required to be concurrent. *See* TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2012) (absent statutory exception, when two offenses arising out of a single criminal episode are joined for prosecution in a single trial, the sentences assessed must run concurrently). Thus, the trial court did not err in giving the additional instruction to the jury under the circumstances present in this case.

Further, Benjamin has failed to show harm. The *Haliburton* court explained that:

> Knowledge that the sentences would run concurrently is a two-edged sword. The information could have been used to increase the punishment or, just as easily, used to reduce the number of years to avoid excessive punishment. We cannot determine from the record which path the jury took and, with these alternatives, harm will not be presumed.

*Id.* at 728.

Therefore, we refuse to presume harm and overrule Benjamin's second issue.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice

Do not publish