

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-17-00102-CR**

**IN RE SHAWNA PHALENE JOHNSON**

---

**Original Proceeding**

---

**MEMORANDUM OPINION**

---

Shawna Johnson was convicted of the misdemeanor offense of possession of marijuana in an amount of four ounces or less but more than two ounces. We affirmed her conviction on March 17, 2016. *See Johnson v. State*, No. 10-14-00263-CR, 2016 WL 1072610 (Tex. App.—Waco Mar. 17, 2016, no pet.) (mem. op., not designated for publication). Johnson has now filed a document requesting that we please "forgive" her sentence as "time served." Johnson asks that we release her from her obligations to McLennan County and, specifically, that the suspension on her driver's license be removed.

Johnson's request is a matter within the exclusive jurisdiction of the Board of Pardons and Paroles. *See Haliburton v. State*, 578 S.W.2d 726, 728 (Tex. Crim. App. [Panel

Op.] 1979).  We therefore construe the document filed by Johnson as a petition for writ of mandamus requesting that we compel the Board of Pardons and Paroles to act according to her wishes.[1]  However, we have no mandamus jurisdiction over the Board of Pardons and Paroles.  *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004); *In re Fowler*, No. 14-15-00712-CR, 2015 WL 5092623, at *1 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, orig. proceeding) (mem. op., not designated for publication).  Accordingly, Johnson's petition for writ of mandamus is dismissed for want of jurisdiction.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Petition dismissed
Opinion delivered and filed May 3, 2017
Do not publish
[OT06]



---

[1] Johnson's filing has many deficiencies.  It lacks proof of service; a copy of all documents presented to the Court must be served on all parties and must contain proof of service.  TEX. R. APP. P. 9.5, 52.2.  The filing also lacks most of the contents required by Rule of Appellate Procedure 52.  *Id.* 52.3, 52.7.  It does not include the certification required by Rule of Appellate Procedure 52.3(j).  *Id.* 52.3(j).  It also lacks a record.  *Id.* 52.7.  To expedite this matter, we invoke Rule of Appellate Procedure 2 to suspend these requirements.  *Id.* 2.